JOHN SPRINGER

*v.*

JOSEPH E. SPRINGER.

*Filed at Springfield September 23, 1885.*

1. RESULTING TRUST—*when it arises—and in what proportion.* Where a party receives money of another, to be invested in the purchase of land, and pays out the same, with other money of his own, in a purchase, taking a deed in his own name, he will hold the land so acquired in trust for the person whose money he has so used, in the proportion it bears to the entire consideration paid.

2. LACHES—*from what time to be computed—as against the establishment of a resulting trust.* A party who takes a conveyance of land in his

·own name, partly paid for with the money of another placed in his hands, can. not set up as a defence to a bill to enforce a resulting trust, the *laches* ·or delay of the complainant for the time he has admitted and recognized his ·equitable rights.   Such defence will avail him only from the time he sets up .an adverse claim, and denies the complainant's rights.

Appeal from the Circuit Court of McLean county; the Hon. O. T. Reeves, Judge, presiding.

Messrs. Blades & Neville, for the appellant:

A complainant must recover according to the case made by his bill.  *Swift* v. *Castle,* 28 Ill. 209 ; *Randolph* v. *Oustall,* 58 id. 53 ; *Hertle* v. *Hall,* 60 id. 344 ; *Herne* v. *Cantrell,* 59 id. 329.

The *laches* of complainant is a bar to the relief sought. ·*Cox* v̂. *Montgomery,* 36 Ill. 398 ; *Carpenter* v. *Carpenter,* 70 id. 457 ; *Hall* v. *Fullerton,* 69 id. 448 ; *Mahoney* v. *Mahoney,* ·65 id. 406.

Messrs. Stevenson & Ewing, and Messrs. Fifer & Phillips, for the appellee :

*Laches* not being set up in the answer, can not be availed ·of as a defence.  *Harris* v. *Cornell,* 80 Ill. 54 ; *O'Halloran* v. *Fitzgerald,* 71 id. 53.

Being a case of trust, limitation does not apply.  *Russell* v. *Peyton,* 4 Bradw. 473.

Mr. Justice Craig delivered the opinion of the Court :

This was a bill in equity, brought by Joseph E. Springer, in the circuit court of McLean county, against John Springer and Nicholas Risser, to enforce the conveyance of an undivided interest in certain lands in McLean county, which the ·complainant in the bill claimed to own, and where the legal title vested in defendant Nicholas Risser.  The defendants put in an answer to the bill, to which replication was filed, and the cause proceeded to a hearing on the pleadings and

the evidence, and the court rendered a decree requiring de-
fendants to convey to complainant an undivided one-fourth of
the premises described in the bill, within a short day named
in the decree; and defendant Springer was also required to
pay the complainant the sum of $1334.60, as a reasonable
rent for the premises while the lands were occupied by the
defendants.    To reverse this decree, John Springer, one of
the defendants, appealed.

There is a decided conflict between the evidence of the
complainant in the bill, and the defendant John Springer, in
regard to the principal matters involved in the controversy.
It is alleged in the bill that the complainant sent from Ham-
ilton, in the State of Ohio, to John Springer, in Bloomington,
Illinois, in the years 1868 and 1869, large sums of money,
to be invested in lands; and it is also claimed that a portion
of this money was invested in the "Otto farm,"—the land
in dispute.    The court, in the decree rendered in the cause,
found that complainant had sent $2000 to the defendant,
which was invested in the land in dispute.    We have exam-
ined the evidence in the record carefully, and we are of opinion
that this finding is fully sustained.    The complainant proved
by the secretary and treasurer of a mining company, that he
obtained the money for his services while in the employ of
the company, and this was followed by the evidence of the
cashier of a national bank in Bloomington, who testified that
the drafts sent by complainant to John Springer were cashed
by the latter at the bank.    In connection with this evidence
the letters of the defendant were read in evidence, which seem
to establish the fact that the money was used in the purchase
of the land for complainant and defendant, but the title was
taken in the name of the latter.    In his letter of October 28,
1868, he says: "As I said before, D. J. Otto's farm is for
sale, and I think of buying him out.    *    *    *    I will buy
the land for us."    On March 4, 1869, he wrote as follows:
"Yours of February 26 came to hand to-night, with draft for

$550.50. I settled with D. J. Otto. Got $1600 in the bank of Bloomington, for ninety days. We must make it so the bank can be paid when due." There were other letters of a similar character, but it will not be necessary to set them out here. It seems clear from the letters, in connection with the other evidence, that the undivided half of the Otto farm was purchased by John Springer for the complainant and himself, and that complainant's money paid at least one-half of the purchase price of the land.

The appellant has interposed the defence of *laches* as a bar to the relief claimed in the bill. The land was purchased in February, 1869, and this bill was filed in August, 1876. If appellant, from the time of the purchase, had denied that the complainant had any rights in the land, and all the time claimed it as his own property, there might be some ground for relying on this defence. But such was not the case. Complainant testified that in November, 1870, the defendant promised to make him a deed. He also testified that he had many conversations trying to get a settlement of the matter, "from spring to fall, and from fall to spring." One witness testified that as late as 1875 John Springer told him that he and complainant owned eighty acres of the Otto farm together. This was only a short time before the bill was filed. If the defendant held the land in trust for complainant, admitting complainant's rights to the property, while this state of things continued he could not set up as a defence that complainant was guilty of *laches* in asserting his rights to the property.

The complainant has assigned a cross-error, claiming that the court erred in not giving him more land than an undivided one-fourth. There is some evidence that more than $2000 of complainant's money was invested in the purchase of the land; but after due consideration of all the evidence, we are inclined to think the decree is right, and that it ought not to be disturbed.

*Decree affirmed.*