Campbell, Respondent, vs. Campbell, Appellant.

*November 29 — December 13, 1887.*

Uses and Trusts. *(1) Voluntary conveyance: Grant to one for money paid by another: Resulting trust. (2) Express trust: Evidence.*

1. Where land is conveyed without consideration, or where the person paying the consideration procures the conveyance to be made to another, no trust results or is implied in favor of the party so conveying or the person making such payment. Sec. 2077, R. S.
2. It was claimed that T. had paid the consideration for land conveyed by P. to R. To establish an express written trust, a letter from T. to R. was introduced, in which, referring to the land "*I purchased* of P. last winter, *deeded to you,*" T. said: " I am doing some business in relation to it, and would wish to have a power of attorney for doing so." A power of attorney from R. to T. to sell and convey the land, given in answer to such request, was also in evidence. After receiving the power, T. had conveyed, through a third person, to his wife. *Held,* that the evidence did not show an express trust in writing by which R. was to convey to T. or his wife.

APPEAL from the Circuit Court for *Outagamie* County. Ejectment. The action was brought by *Robert Campbell* against *Olla M. Campbell,* the widow of his brother Thomas R. Campbell, to recover eighty acres of land in Outagamie county. The land had been purchased in 1871 by Thomas

R. Campbell and Paul Campbell, another brother of the plaintiff. In June, 1875, T. R. Campbell and his wife (the defendant) conveyed an undivided half of the premises to the plaintiff, and in January, 1877, Paul Campbell and wife conveyed the other undivided half to the plaintiff. On August 20, 1876, the plaintiff and his wife executed a power of attorney to T. R. Campbell to sell and convey an undivided half of the premises, and on August 4, 1877, they executed to him a similar power to convey the whole of the premises. T. R. Campbell died in March, 1879. Shortly before his death, by virtue of the power given to him, he deeded the land, in the name of the plaintiff and his wife, to one Bottensek, and on the following day Bottensek conveyed the same to the defendant.

The complaint was in the usual form. The defendant denied its allegations, and, by way of counterclaim, alleged, among other things, that the conveyance of an undivided half of the premises by T. R. Campbell and the defendant to the plaintiff was intended and was accepted by the plaintiff as a naked trust reposed in him for the use and benefit of said T. R. Campbell; that T. R. Campbell purchased the other half of said land from Paul Campbell with money borrowed upon securities owned by the defendant as her separate property, and, without the defendant's consent, took the title in the name of the plaintiff, but really in trust for the said T. R. Campbell; that the powers of attorney given by the plaintiff were in acknowledgment of such trust and for the purpose of enabling T. R. Campbell to end the trust when he so desired, and repossess himself of the land; and that the conveyance to Bottensek and from Bottensek to the defendant were executed in good faith for the purpose of discharging said trusts so reposed in the plaintiff and vesting the title to the premises in the defendant where it rightfully belonged. The prayer of the counterclaim is that the defendant's title be established and quieted.

Campbell vs. Campbell.

The plaintiff replied to the counterclaim, denying the existence of any trust, and alleging that the conveyance from T. R. Campbell through Bottensek to the defendant was in fraud of his rights.

The circuit court found the facts in favor of the plaintiff, and from the judgment rendered accordingly the defendant appealed.

For the appellant there was a brief by *W. J. Allen*, attorney, and *W. S. Warner*, of counsel, and oral argument by *Mr. Allen.* They contended, *inter alia*, that if T. R. Campbell put the title to the land in the plaintiff without consideration, and then requested the plaintiff to give him a power of attorney to sell and convey, the giving of such power was a declaration of the trust, and the execution of the deeds under such power was a mere consummation of the trust reposed in each other by these two brothers. Each having thereby performed his moral duty, and the title to the property being placed where it rightfully belonged, a court of equity will not interfere. *Hyde v. Chapman*, 33 Wis. 391; *Karr v. Washburn*, 56 id. 303; *Foote v. Bryant*, 47 N. Y. 544; *Robbins v. Robbins*, 89 id. 251; *Rogan v. Walker*, 1 Wis. 527; *Whiting v. Gould*, 2 id. 585; *Roller v. Spilmore*, 13 id. 26; *Goodrich v. Milwaukee*, 24 id. 422; *McPherson v. Featherstone*, 37 id. 632; *Hubbard v. Burrell*, 41 id. 365; *Gaines v. Chew*, 2 How. 269.

*Charles W. Felker*, for the respondent.

ORTON, J. This is an action of ejectment, and the plaintiff proved his title in fee to the premises. The defense is in substance and in effect that the consideration of the purchase of the premises was paid by Thomas R. Campbell, a brother of the plaintiff, and the defendant, his wife, or both, and that the conveyances to the plaintiff were made *in trust* for his use and benefit. There was much evidence upon this issue, and we think the evidence tended strongly

to show that the plaintiff furnished and paid said consideration. But all of this evidence was immaterial, in the view we are compelled to take of this case. If Thomas R. Campbell deeded or caused the premises to be deeded to the plaintiff without consideration, or either he or his wife, the defendant, or both of them, furnished the consideration for the purchase, and directed the deeds to be made to the plaintiff, it is pure and simple *a trust*, and nothing else, that the defendant seeks to establish against the absolute conveyances to the plaintiff. The statute of uses and trusts cannot be evaded by calling these supposed rights *equities*.

The defendant sought to prove an express trust in writing in these lands in favor of herself or her husband, and introduced in evidence a power of attorney from the plaintiff to Thomas R. Campbell, executed about the 20th day of August, 1877, authorizing and empowering him to sell and convey said premises, in his name and for his use, in the form of an ordinary power to an agent to sell and convey lands, and, in connection therewith, a letter from said Thomas R. Campbell to the plaintiff, requesting him to execute and acknowledge said power of attorney and return the same to him. In this letter occurs this clause: "The remaining undivided half of the eighty acres *I purchased* of Paul last winter, *deeded to you*. I am doing some business in relation to it, and would wish to have a power of attorney for doing so." This clause is claimed as an express trust declared in Thomas, and showing that the power of attorney was to be made to Thomas in order that he might convey the premises in such way as to reinvest himself with the title or to have it conveyed to the defendant. It will be seen at a glance that this clause has no such meaning. It is not inconsistent with the absolute ownership of the land by the plaintiff. If such was the purpose of this power, why was not a conveyance made directly, either to Thomas or his wife, the defendant, instead of this

at least questionable and unnecessary method of causing the title to be so placed? Before his death, Thomas, by virtue of this power of attorney, deeded the premises to one Bottensek, without any consideration, and Bottensek conveyed the same to the defendant. There was no express trust in writing shown, by which these premises were to be reconveyed to Thomas R. Campbell or conveyed to the defendant; and if it had been satisfactorily proved that either Thomas or the defendant, or both of them, paid the consideration of the conveyance to the plaintiff, or that Thomas and his wife, the defendant, conveyed to the plaintiff said premises without consideration, no trust whatever in either Thomas or the defendant to convey or reconvey to them or either of them could *result* or be *implied.* Sec. 2077, R. S.; *Rasdall's Adm'r v. Rasdall,* 9 Wis. 379; *Whiting v. Gould,* 2 Wis. 552; *Rogan v. Walker,* 1 Wis. 527; *Bird v. Morrison,* 12 Wis. 138.

The circuit court seems to have taken this view of the case in rendering judgment for the plaintiff. It is found "that the power of attorney to T. R. Campbell was solely for the purpose of giving him authority to sell the premises for the benefit of the plaintiff;" "that the conveyance thereof under said power in the name of the plaintiff to Bottensek, and by Bottensek to the defendant, were without consideration, and with fraudulent intent to defraud the plaintiff and to obtain possession and title to said premises;" and "that, at the time such conveyances were so made, the plaintiff was the *bona fide* owner of the land." In the opinion of the learned judge of the circuit court found with the record, it seems that he predicated his decision on the statute of frauds and of trusts. There can be no question of the correctness of the decision.

*By the Court.*— The judgment of the circuit court is affirmed.