FAWCETT, Appellant, vs. FAWCETT and others, Respondents.

*May 5 — May 23, 1893.*

*Land purchased by husband with wife's money: Resulting trust: Enforcement against his heirs: Laches: Limitation.*

1. Plaintiff's husband purchased land with her money and, contrary to her direction, took the title in his own name. They occupied the land together as a homestead until his death, which occurred more than twenty years after she learned that the title was in his name. He had never asserted any right to the land or denied that it equitably belonged to her, and had promised to have the title vested in her. *Held*, that plaintiff had not been guilty of laches which would defeat an action by her against her husband's heirs, brought soon after his death, to enforce a resulting trust in her favor in the land.

2. The resulting trust in plaintiff's favor being cognizable only in a court of equity, and the trustee (her husband) having always confessed the trust and never having had any adverse possession of the land, and his heirs having no equities superior to those of the trustee when living, the action to enforce the trust is not barred by any statute of limitations. The time within which such action must be commenced would not begin to run until the trust had been repudiated.

3. Statutes of limitation do not run against claims between husband and wife.

APPEAL from the Circuit Court for *Grant* County.

The case made by the complaint is substantially as follows: The plaintiff intermarried with one Joshua Fawcett, the ancestor of the defendants; in 1867. She had separate estate. In 1868 she gave her husband the money with which to purchase a certain forty-acre lot of land in Grant county, and directed him to take the conveyance thereof

in her name. Her husband thereupon purchased the land with her money, but took the conveyance thereof in his own name. The plaintiff first learned in 1869 that he had done so. She at once disapproved his act, and requested him to cause the title to the land to be vested in her. He promised to do so, but died in 1890 without performing his promise. He left a will, which has been duly probated in the proper court, devising and bequeathing his property in general terms to his widow and lawful heirs in the manner prescribed by law. Such forty-acre lot was the homestead of plaintiff and her husband until he died. It does not appear that he ever asserted any right to the land or denied that the same equitably belonged to his wife, or that he devised it specifically in his will.

This action is to enforce the execution of the trust resulting to the plaintiff from the transactions stated in the complaint, and to procure the judgment of the court vesting in her the absolute title in fee to such land. The heirs at law of plaintiff's husband are the defendants to the action. It sufficiently appears from the complaint that the action was brought after the death of the plaintiff's husband in 1890.

The defendants demurred to the complaint on several grounds, among which are that the right of action is barred by the limitations contained in secs. 4211, 4213, 4215, 4222, R. S. The circuit court sustained the demurrer on the sole ground that the action was thus barred by the statutes of limitation. The plaintiff appeals from the order sustaining the demurrer.

For the appellant there was a brief by *Bushnell & Watkins*, and oral argument by *R. A. Watkins*. They argued, among other things, that the statute will not run in favor of a trustee who acknowledges that he holds only as a trustee, even though the trust was originally only a resulting trust. 1 Perry, Trusts, sec. 141; *Dow v. Jewell,* 18 N. H. 340, 45 Am. Dec. 371, 380; *Howell v. Howell,* 15

Wis. 55; *Spear v. Evans*, 51 id. 42. The acknowledgment makes it an express trust. 32 Am. Law Reg. 323. The statute of limitations does not run against claims between husband and wife. 13 Am. & Eng. Ency. of Law, 711 note 3, 684 note 4, 685; *Second Nat. Bank v. Merrill*, 81 Wis. 151; *Barnett v. Harshbarger*, 105 Ind. 410; *Dice v. Irvin*, 110 id. 561; *Rusling v. Rusling*, 42 N. J. Eq. 594; *Milner v. Hyland*, 77 Ind. 458.

For the respondents the cause was submitted on the brief of *Clark & Taylor.* They contended, *inter alia*, that plaintiff's husband perpetrated a fraud upon her by taking the title to the land to himself. *O'Dell v. Rogers*, 67 Wis. 168; *Kluender v. Fenske*, 53 id. 118; *Howell v. Howell*, 15 id. 55. Although she discovered the fraud in 1869, being then under the disability of coverture, her remedy was perhaps deferred until after the passage of ch. 155, Laws of 1872 (sec. 2345, R. S.). Under that statute this court has held that a wife may sue her husband with reference to her separate property. *Carney v. Gleissner*, 62 Wis. 498; *Brickley v. Walker*, 68 id. 571. Plaintiff's right of action therefore became perfect in 1872, and the statute of limitations began to run from that time. Prior to ch. 29, Laws of 1872, the statute of limitations did not run against a married woman. *Wiesner v. Zaun*, 39 Wis. 205; *Westcott v. Miller*, 42 id. 464. Since then the statute does so run. *Acker v. Acker*, 81 N. Y. 143; *Clarke v. Gibbons*, 83 id. 107. From the decision that a wife may sue her husband concerning her separate property, it follows as a necessary and logical conclusion that the statute of limitations must also apply to actions between husband and wife. *Muus v. Muus*, 29 Minn. 115; *Wilson v. Wilson*, 36 Cal. 447, 95 Am. Dec. 194. The plaintiff should have brought her action within six years from the discovery of the fraud, and having failed to do so it is now barred. Subd. 7, sec. 4222, R. S.; *O'Dell v. Rogers*, 67 Wis. 168. Conceding that there was in this

case an implied or resulting trust in favor of the appellant, it was nevertheless within the statute of limitations. *Howell v. Howell*, 15 Wis. 55; *Bostwick v. Dickson Estate*, 65 id. 593; 2 Perry, Trusts, secs. 865, 861; *Farnam v. Brooks*, 9 Pick. 242; Lewin, Trusts (8th ed.), 877, 878. Plaintiff's long acquiescence or laches should defeat her action. Lewin, Trusts & Trustees, 873, 922; 2 Perry, Trusts, secs. 850, 870; *Coon v. Seymour*, 71 Wis. 345; *Sable v. Maloney*, 48 id. 333.

LYON, C. J. There can be no doubt the complaint states facts sufficient to show that the plaintiff is entitled to enforce a resulting trust in the land in controversy; that is to say, she is entitled to have vested in her the absolute title to such land, unless she is excluded from such relief by the statutes of limitation or by her laches in the enforcement of her right. Before the enactment of our statute of uses and trusts, she would have been entitled to assert and enforce such trust, even though she consented that the land for which she paid should be conveyed to her husband, or had she personally taken the conveyance thereof in his name. In such cases, however, the statute abolishes the trust except as to creditors of the person paying for the land, but saves it to such person where, as in this case, the grantee named in the conveyance took it as an absolute conveyance in his own name without the knowledge or consent of the person paying the consideration, unless a *bona fide* purchaser has intervened. R. S. secs. 2077–2088. If this action is not barred by some statute of limitation, we do not think, under the circumstances of the case disclosed in the complaint, that *laches* should be imputed to the plaintiff to defeat it. Although during more than twenty years before her husband died she knew he had taken the conveyance in his own name, yet she was residing with him upon the land, using it as the family homestead, and so far as it appears he recognized and ad-

mitted her right to the land and asserted no interest in or claim to it hostile to her absolute ownership thereof, and the rights of no other person have intervened to render it inequitable to enforce the trust in her favor. The heirs of her husband (the defendants) have no greater equities against the enforcement of the trust than her husband would have had if the action to enforce it had been commenced against him in his lifetime. Under these circumstances it should not be held that she ought to have endangered the peace and comfort of the family — perhaps the very existence of their home — by engaging in a lawsuit with her husband over the title to the land in question, and that her right thereto is defeated because she did not do so. Courts of equity do not impute laches by any iron rule, but allow circumstances to govern their decision in every case. And it is said: " Where the obligation is clear, and its essential character has not been affected by the lapse of time, equity will enforce a claim of long standing as readily as one of recent origin; certainly, as between the immediate parties to the transaction." 13 Am. & Eng. Ency. of Law, 674; *U. S. v. Alexandria*, 19 Fed. Rep. 609, and cases cited. The controlling question in the case is, therefore, Does any statute of limitation bar the plaintiff's right to maintain this action?

It is now thoroughly well settled, by authorities too uniform to require citation and too numerous to cite here, that as between a trustee of an express trust cognizable only in a court of equity, and his *cestui que trust*, concerning matters connected with the trust relation, no statute of limitation, nor any bar by analogy thereto, can be relied upon to defeat the execution of the trust, unless the full period of limitation has elapsed since the denial or repudiation by the trustee of the trust obligation. If any one desires to consult the cases holding this doctrine he will find many of them cited in the volume of the Encyclopedia of Law above

Fawcett vs. Fawcett and others.

cited, in note 4, on page 683.  The reason and grounds of the above rule are thus stated by Mr. Justice GRAY in *Speidel v. Henrici*, 120 U. S. 377, 386: "Express trusts are not within the statute of limitations, because the possession of the trustee is presumed to be the possession of the *cestui que trust*."  Hence it would seem that in order to set the statute running against such trust a surrender of the trust property is essential, because without such surrender there can be no effectual repudiation of the trust.

It is freely conceded that there are many authorities which, in general terms, assert the rule that the statute of limitations runs against all implied, resulting, or constructive trusts.  But it is apprehended that the court would fall into serious error were it to accept and apply that rule without qualification to all cases involving the enforcement of such trusts.  The trust here sought to be enforced is not an express, but a resulting, trust.  Yet it is enforcible only in equity, and the alleged trustee (plaintiff's husband) from the inception of the trust until he died freely admitted and never denied the trust claimed, and never had any adverse possession of the property; for he and his wife always occupied it jointly as their homestead, and it does not appear that he ever asserted any interest in, or exercised any control of, the land, hostile to the trust here sought to be enforced.

Thus we find in this resulting trust every element which operates to take an express trust out of the statutes of limitation, and prevents the statute from running against it until after the trust has been effectually repudiated.  Under these circumstances it would be illogical to hold the resulting trust within the statute, and the express trust not within it.  We do not believe the law makes any such imaginary distinction.

In the leading case of *Kane v. Bloodgood*, 7 Johns. Ch. 90, decided by Chancellor KENT in 1823, no distinction

seems to have been made between express trusts and any other kind of trusts, in respect to the effect of statutes of limitation upon them. Whether, in any given case, the trust was or was not affected by those statutes, was made to depend entirely upon the presence or absence of the qualities and elements above mentioned. The doctrine of the case seems to be correctly stated in a headnote as follows: " Those trusts which are mere creatures of a court of equity, and not within the cognizance of a court of law, are not within the statute of limitations. As long as there is a continuing and subsisting trust, acknowledged or acted on by the parties, the statute does not apply; but if the trustee denies the right of his *cestui que trust*, and the possession of the property becomes *adverse*, lapse of time from that period may constitute a bar in equity; but other trusts, which are the ground of an action at law, are not exempted from the operation of the statute." To the same effect are the cases of *Elmendorf v. Taylor*, 10 Wheat. 152; *Dow v. Jewell*, 18 N. H. 340; *Taylor v. Holmes* (N. C.), 14 Fed. Rep. 498, 508; *Springer v. Springer*, 114 Ill. 550; *Reynolds v. Sumner*, 126 Ill. 58; *Otto v. Schlapkahl*, 57 Iowa, 226, 230; *Gebhard v. Sattler*, 40 Iowa, 152; *Lakin v. Sierra B. G. M. Co.* (Cal.), 25 Fed. Rep. 337, 347. In the case last cited Judge SAWYER said: " Upon well-settled principles of law the statute [of limitations] does not begin to run against a *cestui que trust* in possession until the date of his ouster therefrom, no matter whether the trust be express or implied. *Love v. Watkins*, 40 Cal. 569; *McCauley v. Harvey*, 49 Cal. 497; *Altschul v. Polack*, 55 Cal. 633." In *Howell v. Howell*, 15 Wis. 55, Chief Justice DIXON said, of the claim that the statute of limitations does not commence to run until the trust is denied, that the doctrine was applicable only to express or *acknowledged* trusts. This remark evidently implies that the chief justice was of the opinion that an *acknowledged* trust, though not an express

one, is on the same footing in respect to the statute as an express trust, upon which, as we have seen, the statute does not commence to run until the trust is denied and repudiated. Much doctrine will be found laid down in the text-books and in many other adjudications in the same direction, but the view we have taken of the question involved seems so well grounded in principle that we do not care to further comment upon or cite the authorities.

We hold, therefore, that because it appears from the complaint that the trust in question is cognizable only by a court of equity, because the trustee always confessed the trust, because he never had any adverse possession of the trust property, and because his heirs have no equities superior to those of the trustee when living, the complaint does not show that any statute of limitation has run against the cause of action therein stated.

We thus reach the conclusion that the complaint states a valid, subsisting cause of action in favor of plaintiff against defendants, without resorting to the rule stated in *Second Nat. Bank v. Merrill*, 81 Wis. 151, to the effect that statutes of limitation do not run against claims between husband and wife. For authorities to that proposition, in addition to those cited in the opinion of Mr. Justice ORTON, see cases cited in 13 Am. & Eng. Ency. of Law, p. 711, note 3.

*By the Court.*— The order of the circuit court sustaining the demurrer to the complaint is reversed, and the cause will be remanded with directions to overrule such demurrer.