FRIEDRICH, Executor, and others, Appellants, vs. HUTH, Respondent.

*November 20—December 9, 1913.*

*Joint tenancy: Deed to husband and wife: Survivorship: Trusts and trustees: Resulting trusts, when created: Wife's property in possession of husband: Accounting: Repairs to joint estate.*

1. Where real property was conveyed to husband and wife as a part of the wife's share of her mother's estate, by a brother who had held it in trust for the mother during her lifetime, the title vested in such grantees as joint tenants, in the absence of fraud or mistake, and the wife having died before the husband he took the whole as survivor.

2. In such case no resulting trust was created in favor of the wife or her heirs by reason of her having paid the consideration, such trusts having been abolished by secs. 2071, 2077, Stats.

3. No rights of creditors being involved, and the wife having had full knowledge of the form of the conveyance at the time it was executed and having made no objection thereto, no trust would result in such case by virtue of either sec. 2078 or sec. 2079, Stats.

4. The rule that where a husband acquires possession of the separate property of his wife he is deemed to hold it in trust for her in the absence of evidence that she intended to make a gift of it to him, has a very general application as regards personal property, but trusts in real estate are covered by the statute.

5. Where land for which a married woman furnished the consideration was with her consent conveyed to herself and her husband jointly, and upon her death he succeeded to the entire title, he was not entitled to credit for repairs and improvements made on the land, as against his liability to account for personal property held by him in trust for her.

APPEAL from a judgment of the circuit court for Milwaukee county: J. C. LUDWIG, Circuit Judge. *Modified and affirmed.*

This is an action in equity brought by the executor and the devisees and legatees under the last will of Johanna Huth, deceased, to recover of the defendant (the husband of the deceased) certain moneys and real estate received by the defendant from his deceased wife during her lifetime.

It appeared without substantial dispute that the defendant had received in moneys from his wife in various ways $3,815.46. It did not appear affirmatively that any part of this money had at any time been transferred by the wife to her husband with intent to make a gift thereof. It also appeared that there was conveyed to the defendant and his deceased wife, by deed, two certain lots in Milwaukee, which were in fact a part of the wife's share in the estate of her deceased mother, the title of which had been held by a brother of the testatrix in trust for the mother during her lifetime, that the deed of said lots ran to the defendant and his said wife as grantees, and that the title remained in the same condition at the time of the death of the wife; also that the defendant had spent $800 for repairs upon the real estate and $125.46 for the funeral expenses of the deceased wife.

Upon these facts the trial court held that the defendant had received the aforesaid sum of $3,815.46 in trust for his said wife; that the amounts spent by him for repairs and funeral expenses, aggregating $925.46, should be credited thereon, leaving $2,890 still due from the defendant to the executor, *Friedrich;* that by the conveyance of the two lots the title was placed in the defendant and the deceased as joint tenants, and that this title could not be affected but must remain as it was placed by the legal import of the deed.

Judgment that the plaintiffs recover the $2,890, and that the same be paid to the executor and that the plaintiffs be denied all further relief, was entered, and the plaintiffs appeal.

For the appellants there was a brief by *Friedrich, Teall & Hackbarth,* attorneys, and *Paul D. Carpenter,* of counsel, and oral argument by *Mr. Carpenter.*

*F. J. Knoell,* for the respondent.

Winslow, C. J.    The appellants' principal contention is that the court should have held that the real estate belonged to the testatrix or was held in trust for her.    We are satisfied that this contention is not well founded.    It is well settled in this state that where lands are deeded to husband and wife a joint tenancy is thereby created, and that the right of survivorship exists in such case as at common law, which cannot be defeated by devise of the property made by the joint tenant who first dies.    *Bassler v. Rewodlinski,* 130 Wis. 26, 109 N. W. 1032.    It is also very well established that, in the absence of fraud or mistake, the execution and delivery of a deed of real estate with the intention of carrying the title vests the title at once in the grantee named in the deed. *Rogers v. Rogers,* 53 Wis. 36, 10 N. W. 2.

In the present case it appeared without dispute that when the deed of the real estate in question was executed and delivered the deceased was present and knew that her husband and herself were named as grantees therein, and either expressly or tacitly consented to that arrangement.    There was no fraud or mistake of fact.    The title therefore passed according to the legal import of the deed to the husband and wife as joint tenants.

It was a principle of the common law that when land is purchased in the name of one person but the consideration is paid by another, a trust called a resulting trust is created in favor of the person paying the consideration.    But such trusts have been abolished in this state, not simply by sec. 2071, Stats. 1911, which declares that all trusts except as authorized and modified by ch. 96 of the Statutes are abolished, but by the specific provisions of sec. 2077, which declares that in such case no trust shall result.

This statute has been expressly held to apply to a case where the wife furnished one half of the purchase money of a farm and was present when the deed thereof was made direct to her husband, but made no objection to the conveyance being so made, although it appeared that she believed that her husband would hold the title in trust for her. *Skinner v. James,* 69 Wis. 605, 35 N. W. 37. The case cited seems exactly parallel in principle to the present. In that case the wife had a separate estate, consisting of money, and consented that it be used in purchasing real estate with the title in her husband's name. Here the wife had a separate estate composed of land, the legal title thereof being in her brother. She consented that the land be conveyed to herself and husband as joint tenants. The consideration was paid by the wife as truly in the latter case as in the first. See, also, *Campbell v. Campbell,* 70 Wis. 311, 35 N. W. 743; *Martin v. Remington,* 100 Wis. 540, 76 N. W. 614.

It is true that by sec. 2078 a trust in such lands may still result in favor of creditors of the person paying the consideration, and it is also true that by sec. 2079 it is expressly provided that sec. 2077 shall not apply where the alienee named in the deed has taken an absolute deed without the knowledge of the person paying the consideration, or where in violation of a trust he has purchased the lands with the moneys of another.

The first of the two sections last named simply preserves the rights of creditors, and there are no creditors here. The second preserves intact a certain class of those trusts arising out of attempted fraud, which were known as constructive trusts at common law, or trusts *ex maleficio,* and which exist when one person procures land to be deeded to himself without the knowledge or consent of the person who furnishes the purchase money, or in violation of a trust owing to that person. Such was the situation in the case of *Fawcett v. Fawcett,* 85 Wis. 332, 55 N. W. 405. It is plain that neither of these sections has any bearing on the present case. The

plaintiff invokes the well understood rule that where a husband acquires possession of the separate property of his wife he is deemed to hold it in trust for her benefit in the absence of evidence that she intended to make a gift of it to him. No court has laid down this principle more definitely than this court. *Harter v. Holman,* 152 Wis. 463, 139 N. W. 1128. As applied to personal property it has a very general application, but trusts in real estate are of course all subject to the provisions of the statute which have just been noted, and which are entirely inconsistent with the existence of any trust in the present case. Trusts in personalty may be created by parol and are not affected by the statute of uses and trusts. *Dewey v. Fleischer,* 129 Wis. 591, 109 N. W. 525; 1 Perry, Trusts (6th ed.) § 86; *Lamberton v. Pereles,* 87 Wis. 449, 58 N. W. 776.

The appellants' second contention is that, if the title of the real estate in question is adjudged to remain as conveyed, the trial court should not have credited the husband the sum of $800, which he expended for repairs and improvements on his own real estate. We see no flaw in the reasoning on this proposition. The correctness of the contention seems obvious.

The judgment must be modified by adding to the money recovery the sum of $800, as of the date of the judgment, and as so modified affirmed, with costs to the appellants.

*By the Court.*—It is so ordered.