HENDRICKS, Appellant, vs. McCORMICK MEMORIAL HOME and another, Respondents.

*January 14—April 7, 1931.*

*L. P. Fox* of Chilton, for the appellant.
*Wm. Cook* of Green Bay, for the respondents.
The following opinion was filed February 10, 1931:

NELSON, J.   The plaintiff contends that the facts found by the trial court lead to the inevitable conclusion that a resulting trust in favor of the plaintiff was thereby created, and that under the circumstances proven she is not precluded from asserting her rights under such trust even though many years have elapsed since said trust was created.   The defendants contend that the plaintiff has, by long acquiescence and by her laches, lost the right to enforce such trust.

Upon the record and the contentions of counsel, it appears that but two questions must be determined in order to dispose of this appeal: (1) Under the circumstances found by the court and set forth in the statement of facts, was a resulting trust created in favor of the plaintiff? (2) If such a trust was created, has the plaintiff, by acquiescence or laches, lost the right to enforce such trust and to have the title to the land in question vested in her?   The court found that the grant from the Brocktrup heirs was made to Matthew Hendricks; that the total consideration therefor was

paid by the plaintiff; and that Matthew Hendricks took title to the land in his own name without the knowledge or consent of the plaintiff.

That a resulting trust was created seems too plain for controversy. Under our statutes and decisions there is no doubt that the facts found by the court admit of no conclusion other than that a resulting trust was created in favor of the plaintiff which she can now enforce unless she is excluded from such relief by the statute of limitations or by her laches and acquiescence. Our statutes relating to resulting trusts are secs. 231.07, 231.08, and 231.09. Sec. 231.07 provides that "when a grant for a valuable consideration shall be made to one person and the consideration therefor shall be paid by another, no use or trust shall result in favor of the person by whom such payment is made; but the title shall vest in the person named as the alienee in such conveyance," subject only to the rights of creditors as provided in sec. 231.08.

Sec. 231.09, however, provides as follows: "Section 231.07 shall not extend to cases where the alienee named in the conveyance shall have taken the same as an absolute conveyance in his own name, without the knowledge or consent of the person paying the consideration, or when such alienee, in violation of some trust, shall have purchased the land so conveyed with money belonging to another person."

It clearly appears that sec. 231.09 is applicable to this controversy. Under these statutes a resulting trust is created when (1) a grant for a valuable consideration is made to one person, (2) the consideration is paid by another, and (3) the alienee named in the conveyance has taken the same as an absolute conveyance in his own name without the knowledge or consent of the person paying the consideration. All of the facts necessary to the creation of a trust under sec. 231.09 were clearly and specifically found by the trial court.

The facts as found by the court impel the conclusion that a trust resulted in favor of the plaintiff. The case of *Fawcett v. Fawcett,* 85 Wis. 332, 55 N. W. 405, in which Mr. Chief Justice LYON wrote the opinion, is strikingly similar to the present case. In that case it was held that a resulting trust was created and that the wife was not barred by any statute of limitations or by laches. The holding in the *Fawcett Case* has never been overruled and is controlling in this case. The *Fawcett Case* is absolute authority for the proposition that when the elements required by the Wisconsin Statutes concur, a resulting trust is created. Cases like *Skinner v. James,* 69 Wis. 605, 35 N. W. 37, and *Friedrich v. Huth,* 155 Wis. 196, 144 N. W. 202, are clearly distinguishable. In the *Skinner Case* both the husband and wife were present when the deed, naming the husband as grantee, was delivered; and the wife knew that the deed was executed to her husband. It was held in that case that a resulting trust was not created under the statute because "the deed was taken in the name of the husband with the knowledge and consent of the wife and in her presence." In the *Friedrich Case* it was held that no resulting trust was created in favor of the deceased wife because when the deed of the real estate in question was executed and delivered the deceased wife was present and knew that her husband and herself were named as grantees therein and either expressly or tacitly consented to that arrangement.

Has the plaintiff, by acquiescence or laches, lost the right to enforce the trust created?

It was held in *Fawcett v. Fawcett, supra,* page 337, that the statute of limitations does not run against a resulting trust until after the trust has been effectually repudiated. The law laid down in that case has not been overruled and we see no reason for overruling it at this time. The question seems to have received most careful consideration by the court and by the learned Chief Justice who wrote the opinion.

We hold that, under the facts as found, no statute of limitations bars the enforcement of the plaintiff's rights..

The court below found that the plaintiff was guilty of such laches that she cannot now be heard to complain or to demand equitable relief on a claim which must be pronounced stale. In so finding and concluding we think the court erred. We are inclined to believe that the court lost sight of the controlling importance of the following undisputed circumstances: The marriage of the plaintiff to Hendricks when both were past middle life; the plaintiff owned all of the property at that time; the deceased had no separate estate; the plaintiff was the active manager of the farm and performed most of the work thereon; the deceased's health was not good; the plaintiff and her husband were rather simple folk; the plaintiff continually occupied the forty as her homestead and exercised rather controlling dominion over it; the husband never asserted any interest in or claim to the forty hostile to the plaintiff's ownership. The plaintiff was not permitted to testify to conversations with or declarations by her deceased husband relating to the property, but a number of witnesses were produced who testified to repeated declarations by the deceased to the effect that he recognized the fact that the plaintiff had worked like a slave, was entitled to everything and would get everything upon his death. These statements and declarations made to the several witnesses were not relevant to the question whether a resulting trust was created, but this testimony, it seems to us, did have a strong bearing on the question of plaintiff's acquiescence and laches. Certainly there was little reason for the plaintiff taking steps to have the property conveyed to her. Each was the sole heir of the other. His health was such that the plaintiff had every reason to believe that she would survive him. It is quite apparent that the plaintiff had no surplus funds to waste needlessly in litigation with

her husband. Although many years elapsed after plaintiff obtained knowledge that the deed was taken in her husband's name, we do not think, under the circumstances of this case, that laches should be imputed to the plaintiff to defeat her rights under this trust. Under the doctrine of the *Fawcett Case,* which seems to be quite in accord with the general rule, laches may be found or imputed much more easily in transactions between persons who are not husband and wife. Courts go a long way in refusing to find laches on the part of the wife in matters involving her husband, to the end that the peace and comfort of the family may not be endangered. As was said in the *Fawcett Case,* page 336, "under these circumstances it should not be held that she ought to have endangered the peace and comfort of the family—perhaps the very existence of their home—by engaging in a lawsuit with her husband over the title to the land in question, and that her right thereto is defeated because she did not do so. Courts of equity do not impute laches by any iron rule, but allow circumstances to govern their decision in every case."

We have given careful consideration to the findings of the court as to acquiescence and laches with the result that we are of the opinion that the court erred, under the circumstances of this case, in finding that the plaintiff acquiesced in the state of the title in her husband and lost the right to enforce the resulting trust by her delay and laches. The defendant McCormick Memorial Home has no rights or equities as beneficiary that are greater than were those of Matthew Hendricks at the time of his death. For the reasons stated the judgment of the circuit court for Calumet county must be reversed, with directions to enter judgment in favor of the plaintiff decreeing (1) the existence of said resulting trust, (2) the absolute title to the premises in question in the plaintiff Marie Hendricks, and (3) the removal of any cloud upon her title which may exist by virtue of the admission to

probate of the last will and testament of Matthew Hendricks, deceased.

*By the Court.*—Judgment reversed, with directions for judgment as stated in the opinion.

On motion for a rehearing there were briefs by *Smith & Smith* of De Pere, attorneys, and *Robert A. Kaftan* of Green Bay of counsel, for respondents, and by *Fox & Fox* of Chilton for appellant.

The motion was denied, with $25 costs, on April 7, 1931.