GLEBKE and others, Appellants, vs. WISCONSIN VALLEY
TRUST COMPANY, Respondent.

*November 8—December 4, 1934.*

For .the appellants there was a brief by *Genrich & Genrich,* attorneys, and *Miles Lambert* of counsel, all of Wausau, and oral argument by *Mr. Lambert.*

For the respondent there was a brief by *Bird, Smith, Okoneski & Puchner* of Wausau, and oral argument by *R. E. Puchner.*

FOWLER, J. August Glebke died leaving a will which was admitted to probate June 12, 1916, which gave to his wife Marie Glebke, all his real estate and personal property during life with privilege to use such part of the corpus as she might deem necessary for her support, with remainder to his three grandchildren, John, Charles, and Ralph Glebke, who are the plaintiffs herein, and who became twenty-one years of age on June 23, 1927, December 31, 1925, and May 2, 1923, respectively. At the testator's death his property consisted of two parcels of real estate and a certificate of deposit for $850 payable to himself and his wife or either or the survivor of them. The wife was appointed executrix of the will. She used $150 of the certificate of deposit in paying the funeral expenses of her husband and took out a new certificate for $700 payable to herself. This she inventoried as part of her husband's estate. The final order in the husband's estate determined that the executrix was properly chargeable with $700 as residue in her hands for distribution and assigned the same to her in accordance with the terms of the will, and provided that at her death the residue should be divided among the plaintiffs. This certificate of deposit was renewed from time to time by the widow. She used part of the fund for her support. Shortly before her death she had the certificate of deposit, then for $625, by its terms made payable to herself and her son Carl or either or the survivor of them, and this certificate was in her possession at the time of her death. Carl was insane, and shortly after the widow's death in November, 1919, the Wisconsin Valley Trust Company

was appointed guardian of his estate. It received the $625 certificate of deposit and indorsed the same as guardian, and thereafter accounted for it and now holds the amount thereof with its interest accretions.

The trial court held that by inventorying the certificate as property of the estate and so treating it in her final account and permitting it to be adjudicated as such and as passing to her under the terms of the will the widow was estopped from thereafter asserting the contrary; and also held that as the widow not only appeared at the hearing upon which the judgment of the county court was entered and was the moving party in inducing that judgment, the adjudication that as executrix she had $700 subject to distribution, and that the plaintiffs were entitled to distribution of the portion thereof remaining at her death, was *res judicata* and precluded her and precludes all claiming under her from asserting rights inconsistent therewith.

However, the court held that the six-year statute of limitations applied and began to run against the plaintiffs' action to recover the fund in 1919 when the trust company received the certificate; that the plaintiffs' right to bring the action expired one year after they attained majority, and that this right as to the youngest expired in 1928; and that as the action was not begun until 1932 the plaintiffs' action is barred. Secs. 330.19 and 330.33, Stats. Determination of the case only requires that we consider the ruling of the trial court as to the running of the statute of limitations.

The appellants claim that the widow was a trustee for them of the fund represented by the certificate of deposit; that the trust company upon receiving the fund became such a trustee; that the statute of limitations does not commence to run against a trustee until there is a repudiation of the trust; and that there was no repudiation of the trust by the trust company until the demand was made upon it for the payment of the fund to the plaintiffs.

The rule that the statute of limitations does not run against trustees applies, generally speaking, only to trustees of express trusts. It was held in *Buttles v. De Baun,* 116 Wis. 323, 93 N. W. 5, that the statute of limitations applies to trusts created by operation of law and to "trusts arising otherwise than by contract *inter partes.*" "All trusts arising by operation of law, whether implied, resulting or constructive, are subject to the statute." Perry, Trusts, § 865, is there cited as authority for the holding. The defendant trust company, considered as a trustee for the plaintiffs, is not the trustee of an express trust, but of a trust created by operation of law. There was no contract between the plaintiffs and the trust company. It is true that this court has applied the rule first above stated to a resulting trust created by a husband's buying land with his wife's money and taking the title in his own name. *Fawcett v. Fawcett,* 85 Wis. 332, 55 N. W. 405; *Hendricks v. McCormick Memorial Home,* 204 Wis. 277, 234 N. W. 886. The reason for the rule of those cases is that the trust involved could be established and enforced only in a court of equity. But the trust here involved is not a trust of that nature. It is enforceable, and is being enforced, in a court of law. It is under the trial court's ruling a constructive trust. Marie Glebke was a trustee for the plaintiffs of the portion of the fund remaining at her death originally represented by the $700 certificate of deposit. The defendant trust company received the remainder of the fund by reason of her having the last certificate of deposit made payable to herself and Carl or either or the survivor of them. If the trust company had notice of the trust under which Marie held the fund, it was a fraud to take and hold it as the property of Carl. If it did not have such notice, it paid no consideration for the certificate it received. In either case the court must construe the trust company to be the trustee of a constructive trust. 1 Perry, Trusts (7th ed.), § 241. The plaintiffs' right to the portion of the fund represented by the

original certificate of deposit that remained in Marie's hands at her death accrued at her death. Their right to it existed at the time the certificate of deposit came into the hands of the trust company. Their right to sue for its recovery existed at that time, and the six-year statute of limitations began to run at that time and continued to run except as its running was tolled by sec. 330.33, Stats. But the right to bring the action expired under the statute last cited one year after the plaintiffs reached their majority, and the bar of the statute was complete when the instant action was begun.

*By the Court.*—The judgment of the circuit court is affirmed.