WINSLOW, Respondent, vs. WINSLOW, Appellant.

*June 8—June 30, 1950.*

394

For the appellant there were briefs by *Langer & Cross* of Baraboo, and oral argument by *Clyde C. Cross* and *H. M. Langer*.

For the respondent there were briefs by *Thomas, Orr, Isaksen & Werner* of Madison, and oral argument by *San W. Orr* and *Leon A. Isaksen*.

BROADFOOT, J.   Interlocutory judgments are provided for by sec. 270.54, Stats., which reads in part as follows:

". . . In case of a finding or decision substantially disposing of the merits, but leaving an account to be taken, or issue of fact to be decided or some condition to be performed, in order fully to determine the rights of the parties, an interlocutory judgment may be made, disposing of all issues covered by the finding or decision, and reserving further questions until the report, verdict, or subsequent finding."

Interlocutory judgments are appealable under sec. 274.09 (1), Stats.   The legislative purpose in enacting these

statutes was to authorize a judgment which would finally dispose of a portion of the controversy. Thus it has been held that in so far as an interlocutory judgment finally disposes of certain issues in a controversy it becomes a final judgment upon those issues. *Richter v. Standard Mfg. Co.* 224 Wis. 121, 271 N. W. 14, 271 N. W. 914; *Kickapoo Development Corp. v. Kickapoo Orchard Co.* 231 Wis. 458, 285 N. W. 354.

In this case the judge made fifty separate findings of fact and fourteen conclusions of law. The final conclusion of law reads as follows:

"14. Regardless of whether further testimony is introduced by one or both of the parties, this court reserves to itself the right to make such additional findings of fact and conclusions of law prior to entering the final judgment herein, as to this court shall seem just and proper."

The provisions of the interlocutory judgment are identical with the conclusions of law, and paragraph 14 of the interlocutory judgment is a verbatim copy of paragraph 14 of the conclusions of law quoted above. Other conclusions of law are based "upon the record so far made" and "in the present state of the record." It is difficult to ascertain from this language what portions of the interlocutory judgment the trial court intended to be final determinations of issues. This is an action in equity for an accounting. Under orderly procedure the court should first determine in this case whether or not the plaintiff intrusted money and property to the defendant, whether or not he intrusted said money and property to her in a fiduciary capacity, and whether he is entitled to an accounting upon proper demand being made. The court made findings of fact as to each of these points in favor of the plaintiff.

The defendant admits that she received certain money and securities from the plaintiff but contends that she did not stand in a fiduciary relationship to the plaintiff. That part

of the interlocutory judgment holding that defendant was a fiduciary in the relationship which she bore to the plaintiff at all of the times pertinent to the action is challenged on the ground that the record does not reflect that the defendant was in a position to or did exercise any superiority of influence over the plaintiff, citing language in *Miranovitz v. Gee,* 163 Wis. 246, 252, 157 N. W. 790, as follows:

"A fiduciary relation exists when confidence is reposed on one side and there is resulting superiority and influence on the other; and the relation and duties involved in it need not be legal, but may be moral, social, domestic, or merely personal."

The plaintiff. does not quarrel with the rule of law cited, but contends that the finding of the trial court is well supported by the record. "Fiduciary relationship" is a general term that is difficult of precise definition. This is particularly so when the parties stand in a relationship one to the other of attorney and client, principal and agent, or husband and wife. In this case, as in most others, it is a question of fact to be determined by the trial court. His finding is well supported by the evidence, and the finding is affirmed.

The defendant next contends that the plaintiff's claim is barred by laches. The defendant's brief contains the following statement:

"We recognize that this court has twice refused to apply laches as between husband and wife. *Fawcett v. Fawcett* (1893), 85 Wis. 332, 55 N. W. 405; *Hendricks v. Mc-Cormick Memorial Home* (1931), 204 Wis. 277, 234 N. W. 886.

"However, in both of those cases the court was careful to point out that it was there basing its refusal to apply laches on the facts of the case before it."

There follows an attempt to distinguish between the facts in this case and the facts in the two cases cited by the defendant. The finding of the trial court in this case, that the plaintiff has not been guilty of laches with respect to the

prosecution of his rights against the defendant, is supported by the evidence and it is affirmed.

The evidence on each of the above findings was in conflict, but the trial court had an opportunity to view and hear the witnesses, and his findings cannot be disturbed unless they are against the great weight and clear preponderance of the evidence.

Those findings having been made and demand being admitted, it follows that the plaintiff is entitled to an accounting. No other issues required final determination in the interlocutory judgment. Having in mind the reservations made by the trial court in the interlocutory judgment, we conclude that all the other issues, even though the trial court has made findings thereon, have not been finally adjudicated and that neither party is foreclosed from offering further evidence on all of the other issues.

*By the Court.*—Interlocutory judgment affirmed as to the fiduciary relationship of the defendant to the plaintiff and as to the necessity of an accounting. Cause remanded for further proceedings in accordance with this opinion.