ESTATE OF ASTRACH: ASTRACH, Appellant, v. FIRST NATIONAL BANK OF RIPON, Administrator w.w.a., Respondent.

*September 30—October 27, 1964.*

For the appellant there was a brief and oral argument by *Eugene A. Bitters* of Ripon.

For the respondent there was a brief by *Clark M. Robertson* and *H. Maxwell Manzer,* both of Ripon, and oral argument by *Mr. Manzer.*

HEFFERNAN, J. The record is replete with evidence of controversy and discord, and unsubstantiated accusations. The notice of appeal itself bears testimony to the spirit of acrimony pervading the entire proceedings.

The following quotations from the notice of appeal are sufficient to apprise one of the spirit in which these proceedings were conducted:

"Appeal is also taken from the Administrator's whitewash of actions and transactions completed by Oliver Disotel without authority, . . ."

"PLEASE TAKE NOTICE, That Sharon Astrack [sic], a primary beneficiary in the above mentioned estate, hereby appeals to the Supreme Court of Wisconsin from all· rulings, decisions, and proceedings of the above mentioned court which were prejudicial and inimical to the best interest of the three beneficiaries in this estate, and especially from the final judgment rendered by the above named court herein and entered on the 30th day of January, 1964, and from the portion thereof wherein the court determined, . . ."

The brief submitted by counsel for the appellant contains numerous assertions that are not supported by the record. Typical are these:

"The corporate fiduciary had little interest in serving the estate beneficiaries, . . ."

"With the appointment of a corporate fiduciary, the interests of the insignificant Astrach grandchildren were lost in the interplay of interests of third parties."

". . . the bank resisted all effort of the appellant to be kept informed of offers to purchase . . ."

". . . the bank, in fact, represented other interests than the estate and did everything possible to harass the beneficiaries and kept them from any participation in the probate proceedings with an effort to diminish the entire estate to leave nothing for distribution."

". . . the interests of the bank were not those of the estate and its beneficiaries but instead were aligned with the interests of third parties who sought to dispose of all the estate's property to the exclusion of the testator's grandchildren."

None of these statements have any substantial foundation in the record before the court. They are evidence, however, of the difficulties confronting the attorney and administrator *de bonis non.*

The brief of appellant's counsel abounds with similar charges of dubious foundation, all or most of which are either irrelevant or have not been documented in a manner that they are properly cognizable by this court.

While the appellant's brief indicates objections made in broadside to all the proceedings in the probate court, it appears that the appeal is directed to the order wherein the court determined:

"It is further adjudged and decreed that all accounts of the administrator on file herein are allowed."

The appellant in her notice of appeal lists some 16 items which she claims were improperly allowed. It should be noted that the notice of appeal is the first objection the appellant made to these items. Sec. 317.15, Stats., provides:

"Any person interested may file objections to any item of the account of the executor or administrator or that property

has been omitted which the executor or administrator ought to account for. . . ."

The record also shows that the attorney for the appellant waived notice for the hearing on the fiduciary account at least ten days before the hearing. No objection was filed despite the invitation of the trial judge to counsel for the appellant to do so. Not only does the statute above contemplate formal objections, but the general rule of law requires the filing of objections.

"If a person interested in an estate wishes to contest an account presented for settlement by the executor or administrator, he must make proper objections and take proper exceptions." 34 C. J. S., Executors and Administrators, p. 1065, sec. 883.

"Objections or exceptions to the personal representative's account must be seasonably made or filed." 34 C. J. S., Executors and Administrators, p. 1069, sec. 885.

No objections were ever filed and we cannot say that the directionless and amorphous examination of the administrator *de bonis non* constituted such objections. No objections, as contemplated by the statute, were either expressed in open court or filed. We therefore conclude that the objections itemized in the notice of appeal were not timely made and are not properly before the court at this time.

However, in the course of the hearing, the attorney for the appellant did pose some questions in regard to the fees allowed the attorney and the administrator of the estate. Despite the fact that no proper objection was made to the allowance of these fees, we allude to them because at first blush they seem somewhat high considering the gross amount involved in the estate. However, this court will not second-guess the sound discretion of the probate judge. It has long been our position that the approval of fees by the trial court would not be set aside in the absence of an abuse of discretion.

*Estate of Marotz* (1953), 263 Wis. 99, 56 N. W. (2d) 856, and *Will of Rosnow* (1956), 273 Wis. 438, 78 N. W. (2d) 750. Here there is every evidence that the trial judge was fully cognizant of the history of this case and the unusual difficulties that confronted both the attorney and the administrator. The trial judge specifically found the fees of the attorney to be reasonable, and as to the fees of the administrator *de bonis non,* he stated:

"The fees, if anything, allowed to the personal representative as set forth in the final account are moderate and far below actually what the court reasonably could offer or allow, under the circumstances."

The record reveals the court's thorough familiarity with all phases of the administration of this estate. It was apparent to the lower court, as it is to us on review, that almost everything the administrator *de bonis non* and its attorney attempted to do was senselessly objected to. What might have been a routine and expeditiously settled estate was converted into a protracted legal wrangle, arising for the most part out of specious charges and vague innuendoes. We see no abuse of discretion by the trial judge in finding that both the administrator *de bonis non* and its attorney were entitled to compensation for extraordinary services.

As we have said recently in *Estate of Ehlen* (1963), 18 Wis. (2d) 400, 406, 118 N. W. (2d) 877:

". . . the trial court is to be sustained in its allowance of fees for administrator and attorney, unless such allowance is clearly unreasonable. [Citing cases.]"

This position was strongly stated in *Sloan v. Duffy* (1903), 117 Wis. 480, 485, 94 N. W. 342, when we said:

"The amount which could be justly allowed was a matter required to be determined by the trial judge upon the evidence. In the exercise of his authority in that regard he possessed very broad discretionary powers."

In the case now before the court it is clear that the court not only did not abuse its discretion but exercised that discretion on the basis of protracted and patient familiarity with the entire proceedings. There is nothing before this court to indicate that the fees allowed the executor and attorney are excessive. There is much to show that their task was made unusually onerous and difficult.

As to the other items in the account which the appellant objects to now, the record is barren of any proper objection to them or of any evidence that would make their allowance improper.

Therefore, the order allowing the final account of the administrator *de bonis non* and judgment entered therein are affirmed.

*By the Court.*—Judgment affirmed.