*In re* ESTATE OF JAMES I. SAWYER, Deceased—(RALPH SAWYER, Objector-Appellant, *v.* MARION ISAAC SAWYER, Respondent-Appellee.)

(No. 11517;

Fourth District—October 25, 1972.

Roger Fruin, of Fruin & Lund, of Paris, for appellant.

Craig Van Meter, of Craig & Craig, of Mattoon, for appellee.

Mr. PRESIDING JUSTICE TRAPP delivered the opinion of the court:

The respondent executor received and used certain income from a specific devise of oil and gas interests to pay debts and costs of administration. The court denied the objections filed to the executor's final report, and approved the report which distributed possession of land to both specific and residuary legatees.

The objector's position is that upon final accounting, income payments from the specific devise must be reallocated in accordance with the Principal and Income Act. (Ill. Rev. Stat., ch. 30, par. 163.) This would result in the residuary estate reimbursing the objector for income from the specific devise used to pay debts.

Priorities in the application of assets to debts were so well settled by other principles prior to the 1965 amendments to the Probate Act, effective July 1, 1966, that conflicts such as the one before us would not arise.

One source of question as to the intention of the Legislature is that the Principal and Income Act was not initially incorporated, even by reference, in the Probate Act, and its use generally concerned income and estate tax accounting. The commentaries in the Annotated Statute indicate this direction of thinking.

Prior to July 1, 1966, personal property was first subject to payment

of debts. Real estate could be sold for payment of debts and expenses of administration only when the personal property was insufficient, or when legacies were expressly or impliedly charged upon real estate by the will of the testator. (Ill. Rev. Stat. 1963, ch. 3, par. 225.) Under this scheme of things a specific legacy would be used for payment of debts before a specific devise could be subjected to debts. The Probate Act provided that specific legacies should be satisfied prior to general legacies (Ill. Rev. Stat. 1963, ch. 3, par. 291), but it was not necessary to compare the status of specific legacies to specific devices because personal property was required to be exhausted first.

At common law the income from a specific devise went to the devisee from the date of death. It was also considered that income from a trust and income from a gift for support should be income to the beneficiary from the date of death. A pecuniary legacy was not considered to have income rights, but was considered subject to payment of interest from one year after the death. (*State v. Gross,* 344 Ill. 512, 176 N.E. 739; James, *Illinois Probate Law and Practice,* par. 43.115, p. 279.) For the most part, the Principal and Income Act codified the common law as above stated. However, it provided for deducting from income those expenses incurred in earning the income, and when expenses of a particular asset exceeded income from that asset such excess was to be deducted from the gift. (Ill. Rev. Stat. 1967, ch. 30, par. 163 (3).) It also eliminated payment of interest on pecuniary legacies not in trust. In 1959, a new aspect of the Principal and Income Act appeared in the direction to charge expense of administration, funeral expenses, debts, Federal Estate taxes, attorneys fees and fees of the personal representative to principal. The literal charging of these expenses to principal as opposed to income could come only from the residuary estate.

When the 1965 amendments to the Probate Act were made the entire concept of first subjecting the personal property and automatically even specific legacies to payment of debts, prior to using real estate for such purpose was changed. Ill. Rev. Stat. 1965, ch. 3, par. 207, provided that:

"All the real and personal estate of the decedent and the income therefrom during the period of administration are chargeable with claims against the estate, expenses of administration, estate and inheritance taxes and *legacies without distinction* except as otherwise provided in this act or by decedent's will * * *." (Emphasis added.)

Section 219a of ch. 3, Ill. Rev. Stat., added by law in 1965, effective July 1, 1966, orders the executor to take possession of all real estate subject to homestead exemption except real estate occupied by an heir or

devisee as his residence, and except where the court finds on petition that the "real estate or income therefrom will not be needed for the payment of claims, expenses of administration, estate or inheritance taxes or legacies".

It is noted that nothing in Ch. 3, pars. 207 or 219a says which type of property shall be used first, but on the contrary "except as otherwise provided" real property, its income, and personal property and its income shall be applied without distinction.

One "distinction" otherwise provided by the Act is noted in ch. 3, par. 209, which provides in part:

> "Personal property reserved to the surviving spouse or specifically bequeathed or directed by the testator not to be sold shall not be sold, mortgaged or pledged unless necessary for the payment of claims, expenses of administration, or taxes or the proper distribution of the estate."

A second exception to application of all property without distinction is property which is described in a specific devise or specific bequest, and these shall be satisfied *pro rata* before general devises and legacies. (Ill. Rev. Stat. 1965, ch. 3, par. 291 (b).) Also, if property specifically bequeathed or devised has been sold, other devisees and legatees shall contribute to accomplish the result stated in Section 291 (b). This is the purport of Ill. Rev. Stat. 1965, ch. 3, par. 291 (c).

The final exception to application of all types of property "without distinction" as stated in ch. 3, par. 207, we find in ch. 3, par. 291(d), which states that payments from principal or income shall be accounted for as provided in the Principal and Income Act. Ill. Rev. Stat. 1965, ch. 30, par. 163.

We take it that there would be two reasons that the oil royalty income should be accounted back to the specific devisee. The first is ch. 30, par. 163 (3). This, of course, would be subject to taxes on the property, income tax attributable to the royalty, and any other expense attributable thereto. The second is ch. 30, par. 163 (1), which states that all other debts, including funeral expenses, attorneys fees, estate taxes and the like shall be charged to principal, requires these expenses to come from the residuary estate.

We interpret the last sentence of ch. 30, par. 163 (1) to mean that expenses of real estate in excess of the income therefrom are charged against principal of the estate and not against trust income (ch. 30, par. 163 (2) ), but against a specific devise when the excess is attributable to that devise. Ch. 30, par. 163 (3).

We conclude that the objector who is the recipient of a specific devise

is entitled to the income received during the period of administration on that devise, subject to expenses attributable to that income.

The judgment of the circuit court is reversed, and the cause remanded for an account in accordance with this opinion.

Reversed and remanded.

SMITH and CRAVEN, JJ., concur.