*In re* ESTATE OF ADRIENNE ENRIGHT, Deceased.—(PEOPLE'S BANK OF BLOOMINGTON, Ex'r and Trustee of the Estate of Adrienne Enright, Petitioner-Appellee, *v.* NANCY BLOTCKY *et al.*, Respondents-Appellants.)

Fourth District    No. 16976

Opinion filed May 27, 1982.

John P. Harris, of Gomez, Feuerbach, May & Pries, of Davenport, Iowa, for appellants.

Herbert M. Livingston, of Livingston, Barger, Brandt, Slater & Schroeder, of Bloomington, for appellee.

Anthony Hart, of Bloomington, guardian ad litem.

JUSTICE TRAPP delivered the opinion of the court:

This is an interlocutory appeal pursuant to Supreme Court Rule 308 (Ill. Rev. Stat. 1979, ch. 110A, par. 308) from an order of the circuit court of McLean County which provided that income produced during the period of probate from property of the estate of Adrienne Enright could be used to satisfy claims and debts of the estate, including estate taxes, Illinois inheritance tax, executor fees, and attorney fees.

On December 3, 1978, Adrienne Enright died, leaving a will the operative provisions of which provided for several specific bequests, with the residue of the estate to be paid to the People's Bank of Bloomington as trustee for several income beneficiaries for life, with the remainder to the descendants of the income beneficiaries. Included in the residue was 555 acres of farmland in McLean County. The trustee during the period since the death of the testatrix took possession of this land and as of November

1, 1980, reported income of $29,515.19. Claims against the estate including inheritance tax, Federal estate tax, and executor and attorney fees and legacies totaled approximately $580,770. On October 17, 1979, People's Bank as executor petitioned the trial court for the sale of a portion of this land to satisfy the aforementioned items. After the proceeds of the sale were applied, a deficiency of $127,760 still existed. On November 6, 1980, a supplemental petition was filed in the trial court seeking a further order from the court to sell additional tracts of the farmland and to apply the income received from the property toward the payment of the claims and other expenses. On December 18, 1980, the trial judge issued an order providing that the income produced from the property passing to the residuary testamentary trust could be applied toward payment of those expenses. The trial judge concluded that section 18—14 of the Probate Act (Ill. Rev. Stat. 1979, ch. 110½, par. 18—14) makes probate income subject to the claims of the estate and that the provisions of the Principal and Income Act (Ill. Rev. Stat. 1979, ch. 30, pars. 159 through 176) apply only after payment of costs of administration and death taxes. The court found that our decision in *In re Estate of Sawyer* (1972), 7 Ill. App. 3d 944, 288 N.E.2d 633, was distinguishable from the facts in the case at bar. A motion for certification of a question of law was made on January 12, 1981, granted on February 5, 1981, and on April 7, 1981, this court granted the respondent's petition for leave to appeal.

This appeal presents for our resolution the sole question of whether income beneficiaries of a residual testamentary trust are entitled to income produced from probate property or whether such income may be used to satisfy expenses specified in section 18—14 of the Probate Act (Ill. Rev. Stat. 1979, ch. 110½, par. 18—14), to wit: claims against the estate, expenses of administration, estate and inheritance taxes and legacies. While we have found no cases which address this precise issue, we believe the principles of our decision in *Sawyer* control the disposition of this case and conclude that section 18—14 of the Probate Act (Ill. Rev. Stat. 1979, ch. 110½, par. 18—14) is subject to the provisions of section 5 of the Principal and Income Act (Ill. Rev. Stat. 1979, ch. 30, par. 163), which requires that debts, funeral expenses, estate taxes, spouse and child awards and fees of attorneys and personal representatives and court costs shall be charged against the principal, and not the income, of a residuary testamentary trust.

Respondents, income beneficiaries under the residuary testamentary trust, contend on appeal that sections 18—14 and 24—3 of the Probate Act (Ill. Rev. Stat. 1979, ch. 110½, pars. 18—14, 24—3), and section 5 of the Principal and Income Act (Ill. Rev. Stat. 1979, ch. 30, par. 163), together with this court's decision in *Sawyer*, establish their right to the probate income from property used in discharging debts of the estate. Though

nowhere does it appear in the records before this court whether the remaining property (farmland) would be sufficient, aside from the income therefrom, to liquidate all outstanding claims, we assume that a sale of the property would be sufficient to take care of these costs. A different result would be necessitated if the residuary estate was not sufficient.

Section 18—14 of the Probate Act (Ill. Rev. Stat. 1979, ch. 110½, par. 18—14) provides:

> "All the real and personal estate of the decedent and the *income therefrom during the period of administration* are chargeable with the claims against the estate, expenses of administration, estate and inheritance taxes and legacies without distinction *except as otherwise provided in this Act* or by decedent's will and may be leased, sold, mortgaged or pledged as the court directs in the manner prescribed in this Act. In determining what property in the estate shall be leased, sold, mortgaged or pledged for any purpose provided in this Section, there is no priority as between real and personal estate, except as provided in this Act or by decedent's will." (Emphasis added.)

On the basis of this statute the trial judge concluded that the income produced from the farm could be used to satisfy the expenses of administration and other claims against the estate. This court in *Sawyer* had occasion to interpret the provisions of this statute. In *Sawyer,* the devisee of oil and gas interests objected to the executor's final accounting which indicated that the income produced from these interests was used to satisfy costs of administration. This court held that while section 207 of the Probate Act (Ill. Rev. Stat. 1965, ch. 3, par. 207, now Ill. Rev. Stat. 1979, ch. 110½, par. 18—14) provided for all real and personal estate, and probate income to be charged with claims, expenses of administration, estate and inheritance taxes, this paragraph was superseded by section 291(d) of the Probate Act (Ill. Rev. Stat. 1965, ch. 3, par. 291(d), now Ill. Rev. Stat. 1979, ch. 110½, par. 24—3) which requires payments from principal and income to be accounted for under the Principal and Income Act (Ill. Rev. Stat. 1979, ch. 30, par. 163). Under that Act, the devisee of property specifically devised is required to be paid income which accrues on the property during the period of probate. The court therefore concluded that the executor was required to account to the devisee for the income thus earned.

Respondents, along a similar line of reasoning, argue that while section 18—14 of the Probate Act (Ill. Rev. Stat. 1979, ch. 110½, par. 18—14) makes probate income subject to estate claims, section 24—3 of the Probate Act (Ill. Rev. Stat. 1979, ch. 110½, par. 24—3) requires that payments made from principal and income be in accordance with the Principal and Income Act (Ill. Rev. Stat. 1979, ch. 30, par. 163). Under that

Act expenses of administration, estate taxes and fees of attorneys and personal representatives should be charged against principal, and are not to be charged against income accruing during the period of probate. We agree with respondents and conclude that section 18—14 of the Probate Act (Ill. Rev. Stat. 1979, ch. 110½, par. 18—14) is subject to section 24—3 of the Probate Act (Ill. Rev. Stat. 1979, ch. 110½, par. 24—3) which further requires that payments on final distribution be made in accordance with the Principal and Income Act (Ill. Rev. Stat. 1979, ch. 30, par. 163). Under that Act the income beneficiaries are entitled to the probate income unreduced by expenses of administering the decedent's estate, estate taxes and fees of attorneys and personal representatives. We also note that the distinctions drawn by the trial judge between *Sawyer* and the case at bar are not persuasive. While it is true that the recipient of the property and the income in *Sawyer* was the same person, while here the income beneficiaries and the remaindermen are different people, this seems to us to be distinction with little difference. Further, the fact that the result in *Sawyer* was to benefit a specific devisee over the class of residuaries, while in the case at bar all those concerned are of the same class, *i.e.*, residuaries, seems also to be an insignificant difference.

While the necessary result of this decision is to reduce the corpus of the testamentary trust established out of the residue, this will also have the effect of providing more immediate income for those beneficiaries who are the prime objects of the testator's bounty as against the ultimate beneficiaries, who, in the case at bar, were composed of an indeterminate class, to wit: the heirs of the life tenants. Moreover, paragraph *h* of the testatrix's will provided that the trustees were to determine in accordance with the laws of the State, *i.e.* (the Principal and Income Act), the allocation of all receipts and disbursements between income and principal. Application of the Principal and Income Act (Ill. Rev. Stat. 1979, ch. 30, par. 163) to the case at bar could hardly be said to defeat the intention of the testatrix. Had she wanted to provide for a different procedure as to the use of probate income, the Principal and Income Act allows wide latitude in this regard. The Act is not mandatory where the will provides otherwise (see Ill. Rev. Stat. 1979, ch. 30, par. 160).

We note in passing that the Restatement (Second) of Trusts section 234, comment (*g*), states: "Income received by the executor during the period of administration * * *, which has not been applied to the payment of interest on such legacies, debts and expenses, is payable to the trustee, and when received by him is payable to the beneficiary entitled to income." (Restatement (Second) of Trusts sec. 234, comment (*g*) (1959).) While this comment indicates that the executor would have discretion in using the probate income, we find no provision in the Illinois Principal and Income Act (Ill. Rev. Stat. 1979, ch. 30, pars. 159 through 176) which

grants such discretion to the executor, but instead find language in the Act stating that "* * * all other expenses incurred in connection with the settlement of the decedent's estate, including debts, funeral expenses, estate taxes, spouse and child awards and fees of attorneys and personal representatives and court costs *shall* be charged against principal." (Emphasis added.) (Ill. Rev. Stat. 1979, ch. 30, par. 163.) In the absence of a contrary direction in the will of the testatrix, or an applicable statute, we conclude that section 5 shall govern the determination of distributable income.

For the foregoing reasons, the order of the trial court providing that the income produced during the period of probate from the property comprising the residuary trust may be used to satisfy claims and debts of the estate, including the estate taxes, executor's fees and attorney fees is reversed, and the trial court is directed, upon final distribution of the estate to require the trustee to pay this money to the income beneficiaries of the testamentary trust established under the will of Adrienne Enright.

Reversed and remanded with directions.

WEBBER and LONDRIGAN, JJ., concur.