T.C. Memo. 1996-294

UNITED STATES TAX COURT

ESTATE OF JOHN T. SOBOTA, DECEASED,
T. J. SOBOTA, PERSONAL REPRESENTATIVE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11158-94.                    Filed June 25, 1996.

<u>T. J. Sobota</u>, for petitioner.

<u>J. Paul Knap</u> and <u>Mark J. Miller</u>, for respondent.

MEMORANDUM OPINION

TANNENWALD, <u>Judge</u>:  Respondent determined a deficiency of
$158,064 in petitioner's Federal estate tax.  The sole issue for
decision is whether the amount of the marital deduction under

section 2056[1] must be reduced to take into account the fee of the personal representative.

The facts are fully stipulated.  The stipulation of facts and attached exhibits are incorporated by this reference.

Petitioner is the estate of John T. Sobota (decedent).  Decedent died testate on November 1, 1991.  At the time of his death, decedent was a citizen of the United States and domiciled in Brown County, Wisconsin.  T. J. Sobota (T. J.) is the duly appointed and acting personal representative of the estate, who resided at Madison, Wisconsin, at the time the petition was filed.  Petitioner timely filed a Federal estate tax return on July 24, 1992.

Decedent's will was admitted to probate in Brown County, Wisconsin.  Under the terms of the will, decedent's wife, having survived decedent, received the entire estate, including the residue.  The will further provided:

> All of my funeral expenses, last illness expenses, debts, and estate administration expenses shall be paid from the residue of my estate * * *

On September 30, 1992, petitioner paid $62,000 to T.J. as a personal representative's fee.

The income of the estate from its inception through September 30, 1992, exceeded $105,000.

---

[1]  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at the date of decedent's death, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Section 2001 imposes a tax on the transfer of the taxable estate of all citizen and resident decedents.  Section 2051 defines taxable estate as the gross estate less deductions. Section 2056(a) provides:

> (a)  Allowance of Marital Deduction.--For purposes of the tax imposed by section 2001, the value of the taxable estate shall, except as limited by subsection (b), be determined by deducting from the value of the gross estate an amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate.

> Section 2056(b)(4) provides:

> In determining for purposes of subsection (a) the value of any interest in property passing to the surviving spouse for which a deduction is allowed by this section--

> > (A) there shall be taken into account the effect which the tax imposed by section 2001, or any estate, succession, legacy, or inheritance tax, has on the net value to the surviving spouse of such interest; and

> > (B) where such interest or property is encumbered in any manner, or where the surviving spouse incurs any obligation imposed by the decedent with respect to the passing of such interest, such encumbrance or obligation shall be taken into account in the same manner as if the amount of a gift to such spouse of such interest were being determined.

Initially, we note that the arguments of both parties focus on the law of Wisconsin where decedent was domiciled at the time of his death.  This position is consistent with the established rule that determination of whether an expenditure is chargeable to principal or income under State law provides the foundation

for deciding the Federal estate tax consequences thereof. Helvering v. Stuart, 317 U.S. 154, 162 (1942); Greene v. United States, 476 F.2d 116, 117-118 (7th Cir. 1973); Estate of Richardson v. Commissioner, 89 T.C. 1193, 1201 (1987).[2]  We apply Wisconsin law as announced by the Supreme Court of Wisconsin, or, if there is no decision by that highest court, we apply what we conclude that court would decide, giving proper regard to the decisions of other courts of the State.  Commissioner v. Estate of Bosch, 387 U.S. 456, 465 (1967).

Wisconsin Statutes Annotated, section 701.20(5) (West 1981), provides:

> * * * (a) Unless the will otherwise provides * * * administration expenses shall be charged against the principal of the estate.
>
> (b) Unless the will otherwise provides, income from the assets of a decedent's estate after the death of the decedent and before distribution, including income from property used to discharge liabilities, legacies and devises, shall be determined in accordance with the rules applicable to a trustee under this section and distributed as follows:
>
> 1.    To legatees and devisees of specific property other than money, the income from the property

---

[2]  There is a suggestion in the opinion of the Court of Appeals for the Sixth Circuit in Estate of Street v. Commissioner, 974 F.2d 723, 728 (6th Cir. 1992), affg. in part, revg. in part, and remanding T.C. Memo. 1988-553, that the question of chargeability of administration expenses is one of Federal not State law, and that sec. 20.2056(b)-4(a), Estate Tax Regs., controls "regardless of state law or the dictates of decedent's will".  This suggestion is contrary to the decided cases and particularly to the view we expressed in Estate of Hubert v. Commissioner, 101 T.C. 314 (1993), affd. 63 F.3d 1083 (11th Cir. 1995), cert. granted 517 U.S. ___, 116 S. Ct. 1564 (1996).

bequeathed or devised to them less the following recurrent and other ordinary expenses attributable to the specific property: * * * other expenses of management and operation of the property.

    2.  To all other legatees and devisees, * * * the balance of the income, less the balance of the recurrent and other ordinary expenses attributable to all other property from which the estate is entitled to income, the distribution to be in proportion to their respective interests in the property at the time of distribution and based upon the value of the property at the date of death.

Clearly, our first point of reference is the will. In determining what the will provides, we follow the guidelines established by the Supreme Court of Wisconsin:

    The rules for construction of provisions in a will are clearly established in Wisconsin. "The paramount object of will construction is the ascertainment of the testatrix's intent." The determination of testamentary intent is a question of state law. When considering the language of the will, the words must be given their common and ordinary meaning unless something in the will suggests otherwise. Unambiguous language in a will must be given effect as it is written without regard to the consequences. [In re Will of Cooney, 541 N.W.2d 467, 471 (Wis. 1995); citations omitted.]

Further, under Wisconsin law, we should be reluctant to interpret a will in a manner enlarging the marital deduction unless there is express indication in the will to do so. Greene v. United States, 476 F.2d at 119; see also Commissioner v. Estate of Bosch, 387 U.S. at 464.

The parties are in agreement that the will provision governing administration expenses applies to the personal representative's fee involved herein (i.e., the equivalent of an

executor's or administrator's commission).  That provision states that "estate administration expenses shall be paid from the residue of my estate".  See supra p. 2.  In an effort to avoid the mandate of Wis. Stat. Ann. sec. 701.20(5)(a), that such expenses "shall be charged against the principal of the estate", petitioner argues that the "residue" includes not only the principal of the residuary estate at death but the income earned on the residuary estate during the period of administration. Based upon this assertion, petitioner contends that the will is ambiguous as to whether administration expenses should be charged to principal or income.  As a consequence, petitioner asserts that the personal representative's fee is an "ordinary expense" chargeable to income under Wis. Stat. Ann. sec. 701.20(5)(b).

Unquestionably, in the absence of a contrary direction in the will, the income earned on the residuary estate during the period of administration inures to the residuary legatee.  See Old Colony Trust Co. v. Forsyth Dental Infirmary, 171 N.E. 734, 736 (Mass. 1930) (language regarding estate at time of death "did not prevent the whole estate not otherwise disposed of, including earnings which came in before the residue was paid to the trustee, from passing under the residuary clause"); 96 C.J.S., Wills, sec. 799, at 227 (1957) ("the residuary clause will carry the income earned by the residue itself"); 80 Am. Jur. 2d, Wills, sec. 1543, at 603 (1975) ("residuary gifts have been held effective * * * to carry * * * the earnings of the residuary

estate during the period of administration").  But the fact that the disposition of the income follows the disposition of the residue does not mean that the income is merged into and becomes part of the residue.  See Alston v. United States, 349 F.2d 87, 88-89 (5th Cir. 1965); Ballantine v. Tomlinson, 293 F.2d 311, 313 (5th Cir. 1961); see also Estate of Hubert v. Commissioner, 101 T.C. 314, 330 (1993), affd. 63 F.3d 1083 (11th Cir. 1995) (adopting the opinion of this Court as its own), cert. granted 517 U.S. ___, 116 S. Ct. 1564 (1996); Empire Trust Co. v. United States, 226 F. Supp. 623 (S.D.N.Y. 1963).  In this connection, we note that sec. 857.03, Wis. Stat. Ann. (West 1991), provides that the personal representative shall "collect * * * all the decedent's estate" and "collect all income * * * from decedent's estate", as well as pay expenses of administration "out of the estate".  This provision supports the view that the income is separate and apart from the estate, i.e., principal, particularly with reference to the payment of administration expenses.

In view of the foregoing, we reject petitioner's position that the income during the period of administration should be treated as principal in order to permit that income to be considered a proper source for the payment of the personal representative's fee.  As a result, the personal representative's fee is chargeable to principal both under the statute and the will.  This conclusion finds support in Matter of Estate of Pirsch, 435 N.W.2d 317, 319 (Wis. Ct. App. 1988), holding that,

in the absence of a provision "specifically allowing the personal representatives to act in contravention of" Wis. Stat. Ann. sec. 701.20(5)(a), administration expenses should be charged to principal. In so holding, the Wisconsin Court of Appeals cited with approval In re Enright, 436 N.E.2d 681, 683 (Ill. App. Ct. 1982), wherein the Illinois appellate court reached the same conclusion in respect of a provision analogous to Wis. Stat. Ann. sec. 701.20(5)(a) in the Illinois Principal and Income Act, Ill. Rev. Stat. ch. 30, par. 163 (1979).[3]

In view of this conclusion, petitioner's further contention that the personal representative's fee is an "ordinary expense" chargeable to income under Wis. Stat. Ann. sec. 701.20(5)(b) falls by the wayside. In any event, the specific mandate of Wis. Stat. Ann. sec. 701.20(5)(a) that administration expenses are to be charged to principal cannot be modified by general language dealing with "other ordinary expenses". Cf. Matter of Estate of Pirsch, supra at 319, which rejected the contention that section 857.03, Wis. Stat. Ann. (West 1991), which enumerates the powers and duties of personal representatives, operated as a modification of the specific mandate of Wis. Stat. Ann. sec. 701.20(5)(a).

---

[3] See also Estate of Richardson v. Commissioner, 89 T.C. 1193, 1204 (1987), stating "administration expenses * * * are usually charged against the principal of an estate". We note that the provisions of the Wisconsin and Illinois Acts are substantially the same as those of the Uniform Principal and Income Act.

In sum, since the personal representative's fee is to be paid from the residue, which is principal of the estate, such payment reduces the marital deduction under section 2056. See Estate of Fine v. Commissioner, 90 T.C. 1068 (1988), affd. without published opinion 885 F.2d 879 (11th Cir. 1989) (marital deduction is reduced where administration expenses are paid from the residuary estate under the terms of the will); Estate of Dawson v. Commissioner, 62 T.C. 315 (1974) (marital deduction is reduced where administration expenses are paid from the residue on the basis of state law); Estate of Roney v. Commissioner, 33 T.C. 801 (1960), affd. per curiam 294 F.2d 774 (5th Cir. 1961) (same); Empire Trust Co. v. United States, supra.

Petitioner's reliance on Estate of Hubert v. Commissioner, supra, and Estate of Allen v. Commissioner, 101 T.C. 351 (1993), is misplaced. Both those cases involved will and statutory provisions pursuant to which administration expenses were to be paid out of income. By way of contrast, the foundation of our conclusion herein is that the will and statutory provisions mandated that such expenses be paid out of principal. Thus, Estate of Hubert and Estate of Allen are clearly distinguishable. Estate of Street v. Commissioner, 974 F.2d 723 (6th Cir. 1992), affg. in part, revg. in part, and remanding T.C. Memo. 1988-553,

cited by respondent, is similarly distinguishable.[4]  Such being the case, we have no reason to revisit the arguments advanced in these cases nor to await the action by the Supreme Court in Estate of Hubert.

Since petitioner has not disputed any other adjustments set forth in the notice of deficiency,

Decision will be entered
for respondent.

---

[4]  We note that in Estate of Hubert v. Commissioner, 101 T.C. 314 (1993), affd. 63 F.3d 1083 (11th Cir. 1995), cert. granted 517 U.S. ___, 116 S. Ct. 1564 (1996), we refused to accept the position of the Court of Appeals for the Sixth Circuit in Estate of Street, and the Court of Appeals affirmed our action.