No. 3-02-0185

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2003

ESTATE OF WILLIAM LEHMAN HENRY, JR., Deceased,

Plaintiff-Appellee,

v.

ST. PETER'S EVANGELICAL CHURCH,

Defendant-Appellant

)

)

)

)

)

)

)

)

)

)

Appeal from the Circuit Court

of the 14th Judicial Circuit Henry County, Illinois

No. 96-P-150

Honorable

Ted J. Hamer

Judge, Presiding

_________________________________________________________________

JUSTICE LYTTON delivered the opinion of the court:

_________________________________________________________________

William Henry willed his 119 acre farm to St. Peter's Evangelical Church (St. Peter's), subject to a life estate.  Henry died, and the administrator of his estate, Farmer's National Bank of Prophetstown, filed a petition to sell St. Peter's remainder interest in the property.  The trial court found that the sale was necessary for the administration of the estate.  The court ordered the sale at public auction, using a valuation method set out in section 15(b) of the Principal and Income Act to determine its value.  760 ILCS 15/15(b) (West 1992) (Act).  We affirm.

In his will, William Henry devised a 119 acre farm to St. Peter's, subject to a life estate granted to his wife and daughter.  His wife renounced the will, thereby taking an undivided one-third interest in the farm.  This left their daughter, Susan Anderson, with a life estate in a two-thirds interest of the farm and St. Peters with a two-thirds remainder interest in the farm.  Henry's wife subsequently passed away, leaving her undivided one-third interest to Anderson.

Anderson offered to buy St. Peter's remainder interest in the farm and the administrator agreed to the sale.  In the "Petition to Sell Real Estate," the administrator claimed that the sale was necessary to pay administration expenses and properly settle and close the estate.  The petition alleged that the estate had only $18,000 in cash, all of which was derived from income. At trial, the bank's trust officer testified that this was substantially less than the amount of income owed to the income beneficiary, Anderson.  He stated that this deficiency was a result of the previous administrator's use of income to pay administration expenses that should have been charged to the principal of the estate.

The trial court found that sale of the remainder interest would appropriately restitute the income portion of the estate.  The court ordered that the remainder interest should be sold at public auction in order to obtain the maximum possible price for the sale.  The court used Anderson's original offer as the minimum opening bid.  The court held that the offer was a proper minimum sale price because it was determined using a formula found in section 15(b) of the Act.

I.

St. Peter's argues that the court abused its discretion by allowing the sale of the remainder interest in the property, particularly since the real estate was a specific bequest.

Section 20-4(b) of the Probate Act of 1975 (Probate Act) states that real estate that is specifically bequeathed may not be sold "unless necessary for the payment of claims, expenses of administration or estate or inheritance taxes or the proper distribution of the estate."  755 ILCS 5/20-4(b) (West 1992).  Section 5/24-3(d) of the Probate Act states, "On final distribution of an estate, payments made from principal or income shall be accounted for as provided in Sections 5 and 6 of the Principal and Income Act."  755 ILCS 5/24-3(d) (West 1992).  Section 6(a) of the Act provides that expenses of administration of the estate must be charged against the principal of the estate.  760 ILCS 15/6(a) (West 1992).  Taken together, these sections require that an administrator account for all probate income at the time of distribution and that the income beneficiaries of the estate are entitled to all probate income not reduced by expenses of administering the decedent's estate, estate taxes and fees of attorneys and personal representatives.  
In re Estate of Enright
, 106 Ill. App. 3d 914, 917 (1982).

Here, the administrator accounted for all receipts and disbursements from principal and income.  He determined that expenses that should have been charged against the principal of the estate were improperly paid from the income, resulting in a substantial shortfall in income.

The estate can only be properly administered under the Act if the administrator uses the principal of the estate to restitute the improperly expended probate income.  Restoring probate income from the principal ensures that the income beneficiary will receive all of the probate income, not reduced by expenses of administration.  See 
Enright
, 106 Ill. App. 3d at 917.  The only principal remaining in the estate is the farmland in which St. Peter's has its remainder interest.  Therefore, the sale of that farmland is necessary for the proper distribution of the estate and the court was within its discretion to order the sale of St. Peter's specifically bequeathed interest in the property.  See 755 ILCS 5/20-4(b).

II.

St. Peter's also contends that, even if the sale of the property was proper, the court erred in its valuation of St. Peter's remainder interest.  St. Peter's claims that the valuation method the court employed, found in section 15(b) of the Act, is implicitly meant to apply only when the cost of improvements to land are apportioned between a legal tenant and a remainderman, since it is included in a subsection providing a method for doing so.

Section 15(b) consists of two parts.  The first concerns the allocation of costs of improvement to real estate between legal tenants and remaindermen.  The second establishes a method to value a legal tenancy or a remainder.

"If the costs of an improvement *** representing an addition to value of property forming part of the principal cannot reasonably be expected to outlast the legal tenancy, the costs shall be paid by the legal tenant. If the improvement can reasonably be expected to outlast the legal tenancy, only a portion of the costs shall be paid by the legal tenant and the balance by the remainderman. The portion payable by the legal tenant shall be that fraction of the total found by dividing the present value of the legal tenancy by the present value of an estate of the same form as that of the legal tenancy but limited to a period corresponding to the reasonably expected duration of the improvement. The computation of present value of the legal tenancy shall be computed on the basis of two-thirds of the value determined by use of the tables set forth under Section 7520 of the Internal Revenue Code of 1986 and the regulations thereunder for the calculation of the values of annuities, life estates, and terms for years ***. The method of computing the present value of a legal tenancy established in this subsection shall apply to all legal tenancies and remainders created after January 1, 1992 ***."  760 ILCS 15/15(b) (West 1992)

The primary rule of statutory construction is to ascertain and give effect to the legislature's intent.  
People v. Ellis
, 199 Ill. 2d 28, 39 (2002).  To do so, a court first looks to the plain and commonly understood meaning of the language of the statute.  If possible, the court must give effect to every word, clause and sentence; it must not depart from the statute's plain language by reading into it exceptions, limitations or conditions the legislature did not express.  
Ellis
, 199 Ill. 2d at 39.  It also must not read a statute so as to render any part inoperative, superfluous or insignificant.  
Ellis
, 199 Ill. 2d at 39.

Accepting St. Peter's argument would have us violate these rules of statutory construction.  First, it requires us to read a limitation that does not exist into plain language of the statute.  Section 15(b) of the Act provides a method for apportioning the cost of improvements to land between life tenants and remaindermen, based on the value of the legal life tenancy.  But the expansive phrase "all legal tenancies and remainders" in the statute indicates that the valuation method is meant to be applied beyond the limited circumstances of the first part of the statute.  Limiting this otherwise inclusive language would create exceptions that the legislature did not express.

Moreover, limiting the valuation solely to the apportionment of improvement costs between legal tenants and remaindermen renders the word "remainders" superfluous.  If 15(b) only allowed valuation of tenancies, the word "remainders" would become irrelevant to an object of the statute, that is, to value both interests in property.  In that case, the valuation method would never apply to any remainder, though the statute mandates that it applies to all remainders.  We cannot construe the plain language of the Act to limit the scope of the legislative intent.  The trial court properly applied the valuation method found in subsection 15(b).

The judgment of the circuit court of Henry County is affirmed.

Affirmed.

McDADE, P.J., and HOLDRIDGE, J., concur.