ESTATE OF MAY H. GILRUTH, THE NORTHERN TRUST COMPANY, EXECUTOR, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 6509–65.    Filed September 11, 1968.

Guilford R. Windes, for the petitioner.
Sheldon S. Rosenfeld, for the respondent.

### OPINION

SIMPSON, *Judge:* The respondent determined a deficiency in the Federal estate tax of the Estate of May H. Gilruth in the amount of $3,441.69. The only question remaining with respect to this asserted deficiency concerns the proper method of computing the credit for tax on prior transfers under section 2013 of the Internal Revenue Code of 1954.[1] Specifically, the question is whether, for purposes of determining the "value of the property transferred" to the decedent on the death of her husband, amounts paid by his estate as executor's and attorney's fees should be subtracted from his gross estate when his estate elected not to deduct such fees from the gross estate, but to

---

[1] All statutory references are to the Internal Revenue Code of 1954 unless otherwise indicated.

deduct them from the income of the estate for purposes of the Federal income tax.

All the facts have been stipulated, and those facts are so found.

Irwin T. Gilruth, a lawyer, died testate on August 11, 1957. His will directed that "all * * * [his] just debts be paid in the due course of administration." All of the property passing under his will, and part of the proceeds of life insurance policies owned by him payable at his death, went to his wife, May H. Gilruth, the decedent.

A Federal estate tax return for Irwin T. Gilruth's estate was filed with the district director of internal revenue, Chicago, Ill. It showed a taxable estate of $194,645.55, computed as follows:

| | | |
|---|---|---|
| Gross estate | | $514,177.03 |
| Less: | | |
| Funeral and administration expenses | $4,885.94 | |
| Marital deduction | 254,645.54 | |
| Specific exemption | 60,000.00 | |
| | | 319,531.48 |
| Taxable estate | | 194,645.55 |

A Federal estate tax in the amount of $46,582.18 was assessed against and paid by the Estate of Irwin T. Gilruth. No claim for refund or for deficiency has ever been instituted with respect to the tax on that estate.

In addition to the administration expenses deducted from the gross estate on the Federal estate tax return, the Estate of Irwin T. Gilruth, pursuant to an order of the Cook County Probate Court entered November 23, 1959, paid total executor's fees of $14,500 and total attorney's fees of $8,986. These administration expenses, totaling $23,486, were, pursuant to the election provided in section 642(g), claimed by the Estate of Irwin T. Gilruth as a deduction under section 212 on its fiduciary Federal income tax return, and not as a deduction for administration expenses under section 2053 from the gross estate for estate tax purposes.

May H. Gilruth, widow of Irwin T. Gilruth, died on October 23, 1962, and the Northern Trust Co. of Chicago, Ill., was duly qualified as the executor of her estate. A Federal estate tax return for her estate was filed with the district director of internal revenue, Chicago, Ill. It showed a net estate tax in the amount of $98,753.67, which was duly paid.

The alleged deficiency arises out of a dispute over the proper computation of the credit to which the Estate of May H. Gilruth is entitled under section 2013 on account of tax paid by the Estate of Irwin T. Gilruth with respect to the property transferred to May H. Gilruth. Section 2013 allows a credit against estate tax for all or part of the

estate tax paid with respect to property transferred to a decedent by or from a prior decedent, the "transferor." It is not disputed that Irwin Gilruth died in the sixth year preceding the death of May Gilruth, nor that, pursuant to section 2013(a)(2), 60 percent of that part of the estate tax paid by Irwin Gilruth's estate attributable to property transferred to May Gilruth is allowable as a credit against the estate tax on her estate. The dispute arises over the proper method of determining the amount so attributable. Section 2013(b) provides that the tax attributable to the property transferred to the decedent:

shall be an amount which bears the same ratio to the estate tax paid * * * with respect to the estate of the transferor as the value of the property transferred bears to the taxable estate of the transferor (determined for purposes of the estate tax) decreased by any death taxes paid with respect to such estate and increased by the [$60,000] exemption provided for by section 2052 * * *

For purposes of this case, the amount attributable to the property transferred to the decedent is determined by multiplying the estate tax paid with respect to the estate of the transferor by a fraction. The numerator of the fraction is the value of the property transferred to the decedent, and the denominator is the taxable estate of the transferor increased by the exemption under section 2052 and reduced by all death taxes paid with respect to such estate. See Lowndes and Kramer, Federal Estate and Gift Taxes 544 (2d ed. 1962). The parties agree that the Federal estate tax paid by the Estate of Irwin T. Gilruth was $46,582.18. They further agree that the denominator of the fraction is $191,513.24, computed as follows:

| | | |
|---|---:|---:|
| Net taxable estate | | $194,645.55 |
| Plus specific exemption | | 60,000.00 |
| | | 254,645.55 |
| Less: Federal estate tax | $46,582.18 | |
| Illinois inheritance tax | 16,550.13 | 63,132.31 |
| | | 191,513.24 |

The disagreement lies in the computation of the numerator—the value of the property transferred to the decedent. Section 2013(d) provides that:

SEC. 2013. CREDIT FOR TAX ON PRIOR TRANSFERS.

(d) VALUATION OF PROPERTY TRANSFERRED.—The value of property transferred to the decedent shall be the value used for the purpose of determining the Federal estate tax liability of the estate of the transferor but—

(1) there shall be taken into account the effect of the tax imposed by section 2001 or 2101, or any estate, succession, legacy, or inheritance tax, on the net value to the decedent of such property;

(2) where such property is encumbered in any manner, or where the decedent incurs any obligation imposed by the transferor with respect to such property, such encumbrance or obligation shall be taken into account in the

same manner as if the amount of a gift to the decedent of such property was being determined; and

(3) if the decedent was the spouse of the transferor at the time of the transferor's death, the net value of the property transferred to the decedent shall be reduced by the amount allowed under section 2056 (relating to marital deductions), or the corresponding provision of prior law, as a deduction from the gross estate of the transferor.

The parties agree that in determining the numerator, the following amounts should be deducted from the gross estate:

| | | |
|---|---|---|
| Gross estate | | $514,177.03 |
| Less: Value of property transferred to others than May H. Gilruth | $41,330.67 | |
| Funeral and administration expenses claimed on the estate tax return | 4,885.94 | 46,216.61 |
| Remaining property value | | 467,960.42 |
| Less: Federal estate tax | 46,582.18 | |
| Illinois inheritance tax | 16,550.13 | |
| Marital deduction | 254,645.54 | 317,377.85 |
| Difference | | 150,182.57 |

The petitioner argues that these are the only amounts to be taken into consideration in computing the numerator and that the $150,182.57 is the value of the property transferred to the decedent. However, the respondent contends that the executor's and attorney's fees which were paid by the estate, although not deducted from the gross estate, reduced the value of the estate passing from Irwin T. Gilruth to the decedent, and must also be subtracted from the gross estate in determining the value of the property transferred to the decedent. Thus, the respondent would also subtract the executor's and attorney's fees of $23,486.00, resulting in a value of $126,696.57 for the property transferred to the decedent. We agree with the respondent.

Irwin T. Gilruth's estate was required to pay the executor's and attorney's fees both by reason of Illinois law and by reason of the will of Mr. Gilruth. Thus, it would have been proper to use a part of the corpus of the estate to pay such expenses. If it was so used, then the residue of the estate which passed to May H. Gilruth was obviously reduced by the amount used to pay the executor's and attorney's fees. However, such expenses may have been paid from income rather than corpus—the record does not reveal the source. Yet, for our purposes, the result is the same even if other funds were used to pay the executor's and attorney's fees. The Senate Finance Committee report says with respect to section 2013:

The property transferred to the decedent by the transferor is only such property as the transferor can give. If the transferor by his will leaves the residue

of his estate to the decedent and he pays, or if the estate income is used to pay, claims against the estate so as to increase the residue, such increase in the residue is acquired by purchase and not by bequest. Accordingly, the value of any such additional part of the residue passing to the decedent cannot be included in the value of the property transferred to the decedent. [S. Rept. No. 1622, to accompany H.R. 8300 (Pub. L. 591), 83d Cong., 2d Sess., p. 467 (1954).]

Thus, because the executor's and attorney's fees were a charge upon the residue of Mr. Gilruth's estate, the amount of his estate that could pass to Mrs. Gilruth must be reduced by the amount of such expenses, even though the expenses were paid from income. If income was used to pay such expenses so that Mrs. Gilruth in fact received more of Mr. Gilruth's estate, the excess did not pass to her by bequest from him but was acquired through the action of the estate in using income to pay the expenses. See also Stephens and Maxfield, Federal Estate and Gift Taxes 26 (2d ed. 1967); *Estate of Roswell G. Ackley*, 23 T.C. 639 (1955); sec. 20.2013-4(b) (3) (iii), Example (4), Estate Tax Regs.

The petitioner's principal argument is that under section 2013(d), the value of the property is the value used for the purpose of determining the Federal estate tax liability of the estate of the transferor and that since the executor's and attorney's fees were not deducted in computing the gross estate of Mr. Gilruth, such value of the property should be determined without regard to such expenses. However, for the reasons given in the previous paragraph, we have concluded that the property transferred to the decedent did not include the amount of the executor's and attorney's fees. Moreover, the purpose of the requirement of section 2013(d) appears to be merely to provide that the value of the property reported for purposes of the estate of the transferor is to be used as the first step in the computation. The provision thus fixes the method and the time for valuing the property and avoids questions as to how or when it should be valued.

Our result is consistent with the evident purpose of section 2013 (d) (2). If, instead of paying the executor's and attorney's fees, the estate had distributed the property to the decedent subject to the claims of the executor and the attorney, it is clear that the amount of the claims would have to be deducted from the value of the property transferred. Sec. 2013(d) (2). Such provision does not make an exception in the case where such claims are not deducted from the gross estate but are used as a deduction for purposes of the estate's Federal income tax. This being the case, there is no justification for reaching a different result where the estate pays the claim in the process of administration. See *Estate of Roswell G. Ackley, supra* at 645.

Finally, our decision is consistent with the interpretation of similar provisions relating to the marital deduction. As passed by the House, section 2013(d) was in substance very similar to such provision as en-

acted, but was differently worded. However, the Senate substituted a provision which uses the same language as section 2056(b)(4), relating to valuation of property passing to the surviving spouse for purposes of the marital deduction. This provision in turn was taken from section 812(e)(1)(E) of the 1939 Code. The Senate change was explained as follows:

In order to provide more certain rules under which property is valued for the purposes of computing the credit and the limitation of the credit under this section, your committe struck the provisions in the House bill on this matter and inserted new rules based on *the principles established under the estate tax marital deduction.* * * * .[Emphasis added S. Rept. No. 1622, p. 122.]

In *Estate of Newton B. T. Roney*, 33 T.C. 801 (1960), affirmed per curiam 294 F. 2d 774 (C.A. 5, 1961), the decedent left his residuary estate to his wife. The question was whether, in computing the value of the property bequeathed to the wife for purposes of the marital deduction under section 812(e) of the 1939 Code, administration expenses had to be subtracted from the value of the residue although they had not been claimed as deductions on the decedent's Federal estate tax return. The Court held that the marital deduction is based on the net amount of property transferred to the wife, that the treatment of the expenses for tax purposes was beside the point, and that the expenses had to be deducted from the residue to determine the value of the marital gift. In view of the clear congressional intent that "value" should be determined for purposes of the credit for tax on prior transfers in the same way as it is for purposes of the marital deduction, that holding is persuasive authority in support of our conclusion.

The petitioner suggests that our holding as to the computation of the numerator fails to carry out the legislative purpose. Since the computation of the denominator begins with the amount of the taxable estate, administration expenses, such as executor's and attorney's fees, are not taken into consideration when they are not deducted from the gross estate. On the other hand, we hold that such expenses are taken into consideration in computing the numerator even when they are not taken from the gross estate. Since the denominator is not reduced by the same amount as the numerator, less than 100 percent of the tax of $46,582.18 paid by Mr. Gilruth's estate will be allowed as a basis for a credit under section 2013.

For the reasons already given, we are convinced that our holding is correct as to the computation of the numerator. Therefore, if our holding fails to carry out the legislative purpose, it results from the method of computing the denominator. The parties, however, have stipulated the amount of the denominator and have made no argument that it

should be computed otherwise than as stipulated. Accordingly, that question is not before us.

We therefore hold for the respondent on the issue presented in this proceeding. In order to reflect other adjustments to the petitioner's estate tax,

*Decision will be entered under Rule 50.*