ESTATE OF RUBY MILLER WHITTLE, DECEASED, CITIZENS
NATIONAL BANK OF DECATUR, TRUSTEE, PETITIONER *v.*
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

JOHN G. AND RUBY M. WHITTLE TRUST DATED 3/17/1981,
CITIZENS NATIONAL BANK OF DECATUR, TRUSTEE,
PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE,
RESPONDENT

Docket Nos. 13171-89, 21508-89. Filed September 19, 1991.

*Thomas S. Sly* and *Darrell A. Woolums,* for the petitioners.

*Richard A. Stone,* for the respondent.

## OPINION

TANNENWALD, *Judge:* Respondent determined a deficiency of $19,584 in the estate tax of Ruby Miller Whittle. The issues for decision are: (1) Whether, in computing the credit for tax on prior transfers pursuant to section 2013,[1] the value of property transferred to the decedent, as sole heir and surviving joint tenant of her husband John G. Whittle, must be reduced by the amount of interest assessed and paid pursuant to an election under section 6166 in arriving at the net value of the property transferred; and (2) whether the First of America Trust Co. is

---

[1] All statutory references are to the Internal Revenue Code as amended and in effect as of the date of decedent's death, and all Rule references are to the Tax Court Rules of Practice and Procedure.

liable for any deficiency resulting from a resolution of the foregoing issue.

This case was submitted as a fully stipulated case under Rule 122. The stipulated facts and exhibits are incorporated herein.

The decedent, Ruby Miller Whittle, died on March 22, 1985, while a domiciliary of the State of Illinois. A petition was filed in the Estate of Ruby Miller Whittle, deceased, by the First of America Trust Co. of Decatur, trustee, proceeding from a notice of deficiency issued to the Estate of Ruby Miller Whittle. The legal address of petitioner in docket No. 13171-89 at the time the petition in this case was filed was Landmark Mall, Decatur, Illinois, 62525.

At the time the petition was filed in regard to the notice of liability, docket No. 21508-89, the legal address of the John G. and Ruby M. Whittle Trust, Citizens National Bank of Decatur, trustee, was Landmark Mall, Decatur, Illinois, 62525.

John G. Whittle, Ruby Miller Whittle's predeceased spouse, died on February 23, 1981, leaving Ruby Miller Whittle as his sole heir. John G. Whittle's will was not offered for probate. An estate tax return for the Estate of John G. Whittle, deceased, was filed by Ruby M. Whittle as a person in possession of the property of the decedent.

John G. Whittle's taxable estate was valued at $1,598,851.83 and consisted mainly of farmland, common stock, Treasury notes, and bank deposits. All but a $2,000 life insurance policy and $8,238 in miscellaneous personal property was held in joint tenancy by John G. and Ruby Miller Whittle.

Ruby Miller Whittle as a person in possession of the property of John G. Whittle, and surviving joint tenant of John G. Whittle, filed a Federal estate tax return for the Estate of John G. Whittle, deceased. The Estate of John G. Whittle, deceased, elected to pay a portion of the Federal estate tax in installments pursuant to the provisions of section 6166.

The total amount of interest liability assessed and paid with respect to the section 6166 election of the Estate of John G. Whittle was $113,948.

No will was probated and no executor or administrator was ever appointed for the Estate of Ruby Miller Whittle, deceased.

On March 17, 1981, Ruby Miller Whittle executed an agreement creating and funding the John G. and Ruby M. Whittle Trust (the trust). At the time the trust was created, Ruby Miller Whittle transferred substantially all of her assets to the trust. The Citizens National Bank of Decatur was, from inception, and continues to be, the trustee of the John G. and Ruby M. Whittle Trust. As of May 1, 1990, the name of the Citizens National Bank of Decatur was changed to First of America Trust Co.

The John G. and Ruby M. Whittle Trust had received from the decedent, Ruby Miller Whittle, prior to her death, and had on the date of the decedent's death, property with a date-of-death value of $2,931,505, which was includable and reported in decedent Ruby Miller Whittle's gross estate pursuant to sections 2036, 2037, 2038, and/or 2039.

As trustee of the John G. and Ruby Miller Whittle Trust, the Citizens National Bank filed a timely Federal estate tax return for the Estate of Ruby Miller Whittle, deceased, with the office of the Internal Revenue Service at Kansas City, Missouri.

On March 20, 1989, respondent mailed a notice of deficiency to the Estate of Ruby Miller Whittle, deceased, the Citizens National Bank of Decatur, executor, determining a deficiency in estate taxes in the amount of $19,584. On August 10, 1989, respondent sent to the John G. and Ruby M. Whittle Trust, Citizens National Bank of Decatur, trustee, a notice of liability with respect to the deficiency in estate tax determined for the Estate of Ruby Miller Whittle, deceased, in the amount of $19,584.

Section 2013 provides in pertinent part:

SEC. 2013(a). GENERAL RULE.—The tax imposed by section 2001 shall be credited with all or a part of the Federal estate tax paid with respect to the transfer of property * * * to the decedent by or from a person * * * who died within 10 years before * * * the decedent's death. * * * [2]

(b) COMPUTATION OF CREDIT.—Subject to the limitation prescribed in subsection (c), the credit provided by this section shall be an amount

---

²Sec. 2013(a) goes on to set forth a graduated percentage scale for calculating the amount of the credit.

which bears the same ratio to the estate tax paid (adjusted as indicated hereinafter) with respect to the estate of the transferor *as the value of the property transferred* bears to the taxable estate of the transferor (determined for purposes of the estate tax) decreased by any death taxes paid with respect to such estate. * * *

(c) LIMITATION ON CREDIT.—

(1) IN GENERAL.—The credit provided in this section shall not exceed the amount by which—

(A) the estate tax is imposed by section 2001 or section 2101 (after deducting the credits provided for in sections 2010, 2011, 2012, and 2014) computed without regard to this section, exceeds

(B) such tax computed by excluding from the decedent's gross estate *the value of such property transferred* and, if applicable, by making the adjustment hereinafter indicated.

[Emphasis added.]

Respondent's position reflects the following line of reasoning: (1) Under the Principal and Income Act, Ill. Ann. Stat. ch. 30, sec. 506(a), (e) (Smith-Hurd 1990), and *In re Estate of Enright*, 106 Ill. App. 3d 914, 436 N.E. 2d 681 (1982), interest on the Federal estate tax is charged against principal and not income "in the same manner as the tax" or, if not as a tax, then as an administration expense; (2) interest on the Federal estate tax is an administration expense and therefore deductible in computing such tax, citing *Estate of Bailly v. Commissioner*, 81 T.C. 949 (1983); *Estate of Bahr v. Commissioner*, 68 T.C. 74 (1977);[3] (3) in computing the credit for the tax on a prior transfer of property (TPT credit), the gross value of a prior transfer must be reduced by the amount of the claims against the transferor's estate, including estate taxes and administration expenses irrespective of whether they were claimed as deductions on the Federal estate tax return of the transferor, citing *Estate of Gilruth v. Commissioner*, 50 T.C. 850 (1968); *Estate of Ackley v. Commissioner*, 23 T.C. 639 (1955); (4) therefore, in computing the TPT credit to which the Estate of Ruby Miller Whittle is entitled, the amount of the interest paid by virtue of the election to defer the payment of the estate tax due from the prior transferor, i.e., the John G. Whittle Estate, must be deducted from the gross value of the property which passed from John G.

---

[3]Except within the limited scope of applying the Illinois Principal and Income Act, respondent does not seek to have us overrule or modify these prior holdings that interest on deferred estate tax payments should be treated as an administration expense and not as a tax.

Whittle to Ruby Miller Whittle and was included in his gross estate for Federal estate tax purposes.

Petitioner counters that, since all but a de minimis amount of the gross Estate of John G. Whittle ($10,238 out of $1,598,851.83, see *supra* p. 363) passed to Ruby Miller Whittle as a surviving joint tenant, there was no probate estate,[4] and that the decision to defer the payment of the Federal estate tax of John G. Whittle was made by Ruby Miller Whittle after the former's death and in no way represented a claim against the former's estate, since there was no such estate under Illinois law. Consequently, petitioner concludes that the interest on the deferral of the estate tax of John G. Whittle should not be taken into account in computing the TPT credit to which the Estate of Ruby Miller Whittle is entitled. We agree with petitioner.

The issue in this case turns on the interpretation of the statutory phrase "the value of the property transferred." See *supra* p. 363. The key to its proper disposition rests on the recognition of two essential elements. First, it is the status of Ruby Miller Whittle rather than that of the trust which is of critical significance. Ruby Miller Whittle obtained her interest in the property of her deceased husband as a surviving joint tenant and not as a devisee, legatee, or heir; in such capacity, she obtained the property free and clear of any obligations of her deceased husband except as may specifically be imposed upon her in her joint tenant capacity. See *In re Estate of Alpert v. Rotman,* 95 Ill. 2d 377, 447 N.E. 2d 796 (1983). Under these circumstances, respondent's reliance on the Principal and Income Act, Ill. Ann. Stat. ch. 30, sec. 506(a), (e) (Smith-Hurd 1990), and *In re Estate of Enright, supra,* is misplaced. Second, there was no probate estate. Such being the case, we are unable to conclude that the interest on the deferral of the estate tax of John G. Whittle served the requisite purpose of protecting that estate so as to bring it within the ambit of a deductible administrative expense under *Estate of Bahr v. Commissioner, supra,* and *Estate of Bailly v. Commissioner, supra.* In fact, it seems clear that the deferral of the

---

[4]Respondent makes no claim that his position herein in any way rests on the fact that the $8,238 might have constituted a probate estate under Illinois law (the $2,000 life insurance policy would appear not to have been a part of any such estate).

payment of the estate tax of John G. Whittle was taken by Ruby Miller Whittle to protect *her ownership* of the property obtained as the surviving joint tenant. Cf. *Marcus v. DeWitt,* 704 F.2d 1227 (11th Cir. 1983), and cases discussed therein.

As we view this case, the liability of Ruby Miller Whittle in respect of the estate tax of her deceased husband is founded on section 6324(a)(2), which imposes a direct liability for such tax on a surviving tenant[5] independent of the operation of State law. *Schuster v. Commissioner,* 312 F.2d 311 (9th Cir. 1962), affg. on this issue 32 T.C. 998 (1959); *Groetzinger v. Commissioner,* 69 T.C. 309, 314 (1977).[6] Petitioner does not dispute that such liability should not be taken into account and, in fact, took that liability into account in computing the TPT credit on the estate tax return of Estate of Ruby Miller Whittle. But that liability involved no liability for interest on that estate tax. The latter liability was created after the death of John G. Whittle in much the same manner as a mortgage which Ruby Miller Whittle might have been placed on her surviving joint tenancy interest.[7] To be sure, it was created in the name of the Estate of John G. Whittle but this, in our opinion, represented merely satisfaction of a procedural condition and is insufficient, in and of itself, to bring section 6324(a) into play since the reason for the deferral election was not to preserve the Estate of John G. Whittle but rather to protect the surviving joint tenancy of Ruby Miller Whittle.

In so stating, we are in no way implying that Ruby Miller Whittle, and through her the trust, did not incur liability

---

[5]Sec. 6324(a)(2) reads in pertinent parts as follows:

(2) LIABILITY OF TRANSFEREES AND OTHERS.—If the estate tax imposed by chapter 11 is not paid when due, then the spouse, transferee, trustee (except the trustee of an employees' trust which meets the requirements of section 401(a)), surviving tenant, person in possession of the property by reason of the exercise, nonexercise, or release of a power of appointment, or beneficiary, who receives, or has on the date of decedent's death, property included in the gross estate under section 2034 to 2042, inclusive, to the extent of the value, at the time of the decedent's death, of such property, shall be personally liable for such tax. * * *

[6]We also note that there is nothing in the record to indicate that Ruby Miller Whittle would not also be liable in her surviving joint tenancy capacity, under Illinois law, for her apportioned share of the estate tax of her deceased husband. See *Estate of Fender v. Fender,* 96 Ill. App. 3d 1029, 422 N.E. 2d 107 (1981).

[7]Cf. *Estate of Donaldson v. Commissioner,* T.C. Memo. 1985-33 (gift splitting with a decedent spouse did not operate, in computing the TPT, to reduce the gift tax liability of that spouse). See also *Murray v. United States,* 231 Ct. Cl. 481, 687 F.2d 386 (1982).

for the interest on the deferred payment of the estate tax. See sec. 6324A. Our analysis is made, not for the purpose of determining ultimate liability for such interest, but in the context of determining whether the amount of such interest should reduce the TPT credit to which the Estate of Ruby Miller Whittle is entitled. Furthermore, in considering whether there should be such a reduction, it is irrelevant that the amount of such interest was not deducted by the Estate of John G. Whittle for either estate or income tax purposes. Cf. *Estate of Wood v. Commissioner,* 54 T.C. 1180 (1970); *Estate of Roney v. Commissioner,* 33 T.C. 801, 804 (1960), affd. per curiam 294 F.2d 774 (5th Cir. 1960). Similarly, we have not taken into account the fact that the interest involved has been fully paid, a fact which would not affect the substantive treatment of the interest obligation but would simply avoid the timing problem where the interest has not been paid. Cf. *Estate of Richardson v. Commissioner,* 89 T.C. 1193, 1206 (1987); *Estate of Bailly v. Commissioner, supra.*[8]

We hold that petitioners should prevail on the substantive issue of the computation of the TPT credit to which the Estate of Ruby Miller Whittle is entitled. That holding makes it unnecessary for us to resolve the issue relating to the capacity in which the trust may have been liable for the deficiency.

*Decisions will be entered for the petitioners.*

---

[8]We note that the recently enacted sec. 7481(d) designed to ameliorate the problem created by *Estate of Bailly v. Commissioner,* 81 T.C. 949 (1983), appears to deal only with deductions of interest on deferred estate taxes and not to deal with the impact of such interest on the computation of the TPT.